Mrs. M.J. Duncan, as surviving wife of Frank Duncan, and as next friend of their four minor children, sued the plaintiff in error to recover damages for the death of Frank Duncan, alleged to have been caused by the negligence of the plaintiff in error. A trial before a jury resulted in a verdict and judgment for $6000 in favor of the defendants in error, which judgment was affirmed by the Court of Civil Appeals.
From the statement made by the Court of Civil Appeals we deduce the following as the facts pertinent to the issues presented in this court:
The plaintiff in error, a corporation created under the laws of Texas, was engaged in operating a railroad from Weatherford to Mineral Wells. Upon the line of the road between the two points was a station known as Rock Creek station, at which point the Texas Coal and Fuel Company, also a corporation, operated a coal mine, and delivered coal to the railway company for the purpose of transportation. The two corporations were operated under an arrangement between them, and under the supervision and control of the same officers; that is, the president, the secretary, and the treasurer of each corporation were the same persons.
At Rock Creek station there were two switch tracks, upon one of which was located a pair of scales for the purpose of weighing the coal when loaded, and upon which the car to be loaded stood during the process of loading the coal thereon. The coal chute was erected near this track, from which the coal was delivered into the cars; and this coal chute had wings, which, in the case of a box car, rested inside the door of the car, for the purpose of guiding the coal in its delivery.
About 400 yards east of the coal chute one of the switch tracks left the main track; and at a point about 200 yards east of the same point the second switch track left the first switch. These switch tracks ran westward, parallel with the main track, being slightly curved. *Page 613 
Frank Duncan was in the employ of the Texas Coal and Fuel Company, in the capacity of coal trimmer. His duties were to trim the slate off of the coal, place the cars on the scales, and, when loaded, to remove them therefrom and replace them by other cars to be likewise loaded. It was his duty to connect the wings of the chute with the car being loaded, and to see that it was properly protected while there.
On the 17th day of January, 1893, a box car was standing upon the scales, with the wings of the chute adjusted so as to rest within its doors, and partially loaded with coal. East of this box car and on the same switch track stood an empty box car, which had been left there by the railroad company for the purpose of being loaded with coal. East of this box car a short distance stood a flat car, which had already been loaded with slate. The empty cars when placed on the side track for the purpose of being loaded were under the charge and control of Duncan.
On the day above stated, the employes of the railroad, by a flying or drop switch, put three or four empty coal cars upon the switch track upon which the scales were located, and on which were the cars before named. In putting these cars in on this track, the employes of the railroad company were guilty of negligence in sending them in at too great a speed and without proper precaution. Duncan, being near by, saw the cars coming down the track, and not being called upon by the employes of the railroad company to do so, mounted the empty box car standing on the side track next to the car upon the scales, for the purpose of setting the brake, in order to prevent it from being forced against the car on the scales, whereby it might have been driven off of the scales and the chute injured. The moving cars struck the car loaded with slate with such force that it was driven against the box car on which Duncan was, with great force, and Duncan was thrown from the top of the box car upon the track, his body run over by the cars, and he was instantly killed. At the time that the two cars collided he was attempting to reach the brake, in order to fasten or tighten it, but had failed to do so.
From Duncan's position he was not able to appreciate and understand the force with which the cars were switched upon the track, or the speed at which they were coming, but the circumstances were such as to require him to engage, as he did, in the endeavor to apply the brake so as to protect the car which was being loaded with coal. In doing so, he was not guilty of contributory negligence.
Duncan was, in the attempt to set the brake upon the car, in the discharge of his duty which he owed to the Texas Coal and Fuel Company, in order to protect its property from injury, and to discharge his duty in the control and management of the cars.
It was the duty of the employes of the railroad company to place the cars upon the switch track in order that they might be loaded, and when loaded and removed from the scales, to take them off of the track and transport them to their destination. *Page 614 
The plaintiff in error presents this case upon the following assignments of error:
1. That the District Court erred in excluding evidence to show that it was the custom of railroad companies to make running or drop switches; that in making the switch on this occasion, it was done in accordance with such custom.
2. That Frank Duncan was a volunteer in the performance of the act done by him, and that the plaintiffs below can not recover on account of his death caused thereby.
3. That the District Court erred in allowing plaintiffs to show that two witnesses who were absent had been subpœnaed for the plaintiffs, and were in the employ of the defendant.
4. That the preponderance of the evidence shows that deceased was guilty of contributory negligence.
The court did not err in excluding the evidence offered by the defendant below to prove the custom of railroads in making flying or drop switches. The fact of making that character of switch was not in issue, but the manner in which it was made constituted the negligence relied upon for recovery. Upon such an issue, evidence of the custom of other railroads is not admissible as evidence to disprove negligence on the part of the railroad company. Railway v. Smith, 87 Tex. 348; Railway v. Evansich, 61 Tex. 3; Railway v. Compton,75 Tex. 667.
Neither was there error in permitting the plaintiff to account for the absence of witnesses who were present at the time of the accident, and who had been subpœnaed by the plaintiff. The fact that the witnesses were in the defendant's employ of itself could not be injurious to the defendant. If that fact was improperly commented upon in the argument; no complaint is made in this court of such use of it.
Frank Duncan was not a volunteer servant of the railroad company; he did not get on the cars which were under the control of the railroad's employes at the time, nor did he attempt to perform any duty incumbent upon them. His act was done as the servant of the Texas Coal and Fuel Company, and the right of Mrs. Duncan and her children to recover depends upon the following propositions:
1. Was Frank Duncan rightfully on the box car at the time that he was killed?
2. Were the employes of the railway company guilty of negligence in the manner of switching the cars, by which the death of Duncan was caused?
3. Was Frank Duncan guilty of contributory negligence in getting on the car under the circumstances?
The last two questions have been answered by the Court of Civil Appeals adversely to the plaintiff in error. They are questions of fact, upon which there was sufficient evidence to support the findings of the Court of Civil Appeals, which findings are conclusive upon this court. The only remaining question, therefore, for us to pass upon is *Page 615 
the first stated above. From the facts found by the Court of Civil Appeals, it appears that the car upon the scales, which was partially loaded with coal, as well as the empty box car upon the track, upon which Duncan was when injured, were under his control and protection as the employe of the Texas Coal and Fuel Company. He was charged with the duty on behalf of his employer to maintain the one in its position and protect it while being loaded, and until it was removed from the scales; and the other was under his control, to be by him placed in position for loading when it became necessary to do so. Duncan had the right to enter either car, or to get upon the same for any purpose connected with his employment, and when a state of circumstances existed which threatened damage to the property in his charge, it became his duty, if necessary to do so, to get upon the empty box car, either to secure that in its place, or to prevent an interference with or injury to the car which was upon the scales.
From this statement we think it follows, as a matter of law, that Duncan stood in the same relation to the railroad company as any other person would have done who was rightfully upon the railroad track, as, for instance, one passing over such track upon a public highway at a public crossing, either on foot or with a team, and was entitled to the same protection against the negligence of the railroad company's employes as any other person rightfully on the track would have been; and having suffered injury from such negligence, he would have been entitled, if he had survived, to the same remedy to recover damages for injuries received by reason of their negligence. Duncan having been killed by reason of the negligence of the employes of the plaintiff in error, his wife and children were entitled to recover damages therefor.
We find no error in the judgments of the District Court and the Court of Civil Appeals, and said judgments are therefore affirmed.
Affirmed.
Delivered November 11, 1895.