The STATE of Texas, Appellant,

v.

Ellis D. WHEELER, Appellee.

No. 6762.

Court of Civil Appeals of Texas.

Beaumont.

April 29, 1965.

Rehearing Denied May 19, 1965.

W. G. Walley, Jr., Beaumont, for appellant.

Alto V. Watson, Beaumont, for appellee.

PARKER, Justice.

This is an eminent domain case involving the total taking of lands owned by Ellis D. Wheeler, hereinafter called appellee, by Jefferson County for and on behalf of the State of Texas, hereinafter called appellant, for highway purposes. By stipulation, the sole issue in the case was the reasonable market value of the parcel of land taken. Trial was to a jury which returned a verdict finding the market value of the prop-

erty taken as $36,700.00. Upon the verdict judgment was rendered by the trial court.

First in consideration will be appellant's seventh point of error urging that the trial court erred in overruling its objections to that portion of the court's charge to the jury reading as follows:

> "In this connection, in valuing the land, you shall take into consideration permanent improvements in the land, insofar as such improvements add to or increase or enhance the value of the land as such."

Appellant contends that by such instruction "the trial court *directed* the jury to consider permanent improvements to the extent that the same enhanced the value of the land as such, but refused to limit the jury's consideration to the amount of such enhancement," leaving the jury free to include as part of the damages the value of movable improvements. The instruction submitted by appellant requested substituting the word "may" for "shall" and the word "only" to be inserted before "insofar". The word "insofar" limited the jury to the extent or degree the improvements added to or enhanced the land as such and no more. This is the same instruction given in County of Nueces v. Salley, Tex.Civ.App., 348 S.W.2d 397.

■ There were three aluminum "M&P" type portable buildings and a trailer house on the property. The jury was instructed "permanent improvement means something done to or put on the land which the occupant cannot remove or carry away with him either because it has become physically impossible to separate it from the land or because in contemplation of law, it has been annexed to the soil and it is therefore to be considered a part of the freehold." In arriving at the amount of damages there is nothing to indicate that the jury improperly considered the value of movable property located on the land. The word "shall" was correctly used in this instruction in connection with the definition

of permanent improvements also contained in the court's charge. Appellant's seventh point of error complaining of the court's charge as above set forth is overruled.

The appellee in person made an argument to the jury. Counsel for appellant successfully limited it to a very short one by his objections. Appellant's first three points of error as grouped and briefed together assert error in the following three portions of said argument and the court's actions in regard thereto:

1. "This was mine. That represents my life's savings—

   "Mr. Walley: Now, if your Honor please, there isn't any substance or fact in the record about this representing his life's savings. As a matter of fact, I know it doesn't; there is nothing in the record—

   "The Court: The jury will disregard the remarks about—

   "Mr. Walley: About it and I move for a mistrial.

   "The Court: —life's savings. The motion is denied. Go forward."

2. "When I said I am a welder, I mean I have welded in oilfields and shipyards and refineries, and everywhere I could burn rods. I have burned, and likewise everywhere I could be burned those rods have burned me."

   This was objected to by counsel for appellant as being outside the record and as appealing to the prejudice and sympathy of the jury. Counsel for appellant requested that the jury be instructed not to consider it. The Court instructed appellee to stay in the record and go forward.

3. "You know, there comes a time when all of us reach the end of our earning capacity, and during our earning capacity, we try to do

what we can, because we realize that social security and pensions, and all those things are not enough. And I have tried, through my efforts and the efforts of my family, my best to build up something. We would have liked to have had a good time but we tried to save and we tried to accomplish something, and we thought we had * * *"

Appellant contends that all of the foregoing argument was prejudicial and inflammatory, and that the court also erred in overruling its motion for mistrial urged by it in regard to the third portion of such argument. In connection with the first portion of the argument, the court promptly instructed the jury to disregard the same. Such instruction sufficiently cured the alleged error. Ramirez v. Acker (S.Ct.1940) 138 S.W.2d 1054.

In connection with the second portion of the argument, it was also objected to by appellant as being outside the record. There is testimony in the record from appellee that he was a welder and pipefitter and he had been so engaged for some thirty years. The argument was not outside the record and we do not consider it as inflammatory or as an appeal to the prejudice and sympathy of the jury.

In reference to the third portion of the argument appellant's third point reads: "The error of the trial court in overruling appellant's motion for mistrial and in failing to sustain appellant's objection and motion to the trial court to instruct the jury to disregard the following prejudicial and inflammatory remarks of the appellee Ellis D. Wheeler while personally addressing the jury." It is asserted in appellant's brief that this point of error is "Germane to Grounds No. 29, Appellant's Amended Motion for New Trial, Tr., p. 29." Actually, said assignment of error is set out on p. 33 of said Transcript and it fails to complain of the court's ruling on appel-

lant's motion for mistrial. Under Rules 374 and 418, Texas Rules of Civil Procedure, said point in respect to mistrial was waived and is not available to appellant on this appeal. Although appellant's objection—i. e., that this third line of argument was outside the record, prejudicial and inflammatory—was overruled, the trial court did admonish appellee before the jury, "Go forward with your argument. Stay within the record, sir."

Appellee at the conclusion of his argument stated:

"Cancel everything I have said. Thank you. Cancel everything that I have said. I want you all to do what the court tells you to do."

It was held in Ramirez v. Acker, supra, that the withdrawal of objectional remarks by counsel will cure the error and render the effect of the argument harmless. Similarly, appellee's request to the jury at the conclusion of all his argument that the jury disregard the same sufficiently cured the alleged errors.

Viewing the argument and the entire record, appellee's argument was not prejudicial and inflammatory to appellant as calculated to and probably causing the rendition of an improper judgment. Each and all of the alleged errors as to the argument complained of by appellant, singly and collectively, not only do not amount to such a denial of the rights of appellant as were reasonably calculated to cause but probably did not cause the rendition of an improper judgment. The amount of damages awarded by the jury is lower than would have been supported by the evidence. Accordingly, points of error 1 through 3, both inclusive, are overruled.

■■ Appellant's fourth point of error is as follows:

"The trial court erred in sustaining appellee's motion in limine, reading as follows:

" 'Defendant moves the Court to instruct counsel for the State that they will not mention directly or by inuendo or insinuations that the subject property was purchased by the condemnee for speculation in condemnation and that they will instruct the witnesses accordingly.'

which such ruling was rendered extremely harmful, and prejudicial to the rights of appellant in view of the highly prejudicial and inflammatory statements of the appellee in his personal closing argument to the jury."

Such motion to suppress also contained the following:

"Defendant moves that the Court enter this proper order and that in such instruction, counsel be instructed as prayed and that such instructions must be obeyed until or unless counsel is given permission to do otherwise outside of the presence and hearing of the jury."

During the trial appellant did not request permission of the court to be allowed to present such evidence during the main trial or after Wheeler's argument. The market value at the time of taking is not measured or controlled by the consideration paid by appellee when he bought the property. Further, appellant waived any right to complain by failing to attempt to obtain permission to offer evidence thereon during the main trial. Such point of error of appellant is overruled. (No. 4)

Appellant's fifth point of error is:

"The trial court erred in excluding the testimony of the witness Hall with respect to the conversation between such witness and the appellee immediately prior to the time the subject property was purchased by appellee tending to show that the property involved was purchased by appellee for the speculative purpose of disposing of the same to appellant rather than for the purpose of 'investing life savings' in the property."

Hall did testify that appellee talked to him about the value of the property before appellee bought it some four years before this suit was brought. Hall said that he advised appellee to purchase; that appellee did purchase and placed commercial buildings thereon. Hall's testimony that was excluded was his discussion with appellee as to appraisal methods used by Hall when employed to represent a litigant in condemnation proceedings and that appellee took a course in real estate appraisal taught by Hall. Such conversations occurred before appellee's purchase. After this suit was instituted, appellee requested Hall to treat their previous conversations as confidential, which Hall refused to do. This was excluded. The testimony of Hall contained in the bill of exception had no bearing on value at the time of taking. Such point of error is overruled. (No. 5)

Appellant's sixth point of error is:

"The trial court erred in admitting into evidence over the proper and timely objection of appellant, testimony pertaining to the policy of the urban renewal in Port Arthur with regard to the removal of permanent improvements from lands acquired by such entity, which improper testimony, under the record, was highly prejudicial to appellant."

Over appellee's objection, appellant introduced evidence showing that after the taking of the property that buildings affixed to the soil as part of the permanent improvements were sold by appellant to a third party named Cupit. The latter in turn sold one building to appellee for $1100.00 and another building to Mrs. Staggs. Then appellant moved the court, in limine, to suppress further evidence as to movement and sale of any property situated on the land after the commencement of the condemnation procedure. Any rebuttal to the introduction of such evidence was invited by appellant. Each and all of the alleged errors complained of by appellant, including this, singly and altogether, do not amount to such a denial of the rights of appellant as were reasonably calculated to cause and probably did cause the rendition of an improper judgment, or were such as probably prevented the appellant from making a proper presentation of this case to this court. Accordingly point of error No. 6 is overruled.

Judgment of the trial court affirmed.