The STATE of Texas, Appellant,

v.

Harold TURBOFF et ux., Appellees.

No. 15317.

Court of Civil Appeals of Texas.
Houston (1st Dist.).

Sept. 5, 1968.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., A. J. Carubbi, Jr., Executive Asst. Atty. Gen., Watson C. Arnold, C. W. Pearcy, Asst. Attys. Gen., Austin, for appellant.

Vinson, Elkins, Weems & Searls, F. Russell Kendall, Jarrel D. McDaniel, Ewing Werlein, Jr., Houston, for appellees.

PEDEN, Associate Justice.

Appellant brought this suit to condemn for highway purposes appellees' tract on which two commercial buildings stood. The State's appeal is based on its assertions that the trial court erred in giving Instruction No. 2 in the charge to the jury: "You are instructed that in valuing the land, you shall take into consideration permanent im-

provements, if any, in the land, insofar as such improvements add to or increase or enhance the value of the land as such."

The sole issue submitted to the jury was: "What do you find from a preponderance of the evidence was the market value of the 13,125 square feet of land, together with improvements thereon, belonging to Harold Turboff, et al, condemned by the State of Texas for highway purposes on September 13, 1962? Answer in dollars and cents."

The State's first two points of error allege that the instruction given permits the jury to value improvements and land separately and add these two values together in reaching its verdict because (1) the instruction fails to limit the jury to a consideration of the value of the improvements only insofar as they enhance or increase the value of the land, and because (2) the instruction does not state that the improvements separately have no market value.

■ The State asserts that in this case it was particularly important that Instruction No. 2 be proper and sufficient because the real estate appraisers who testified based their opinions as to value on the cost approach and that under such approach the value of the improvements is calculated apart from the value of the land and the two are then added together. We agree that the separate values were emphasized, but we note that each of such appraisers and the owner stated that he based his testimony as to the value of the improvements on their contributory value to the land.

We overrule appellant's first point. We agree with the State that the instruction would have been improved by the insertion of "only" before "insofar" so that the instruction would have been: "You are instructed that in valuing the land you shall take into consideration permanent improvements in the land only insofar as such improvements add to or increase the value of the land as such." However, the omission of the word "only" was not error.

The word "insofar" in the instruction as given properly limits the juror's consideration of the value of improvements to the amount by which they added to the value of the land as such. State v. Wheeler, 390 S.W.2d 339 (Beaumont Tex.Civ. App.1965, writ ref., n. r. e.). In this case it was uncontroverted that the improvements were permanent, so we have omitted the "if any".

■ We overrule the State's second point, which complains of the lack of an instruction that the improvements separately have no market value. It was noted in State v. Carpenter, 126 Tex. 604, 89 S.W. 2d 979 (1936, opin. appr.) that "improvements ordinarily have no market value separate from the land" and this observation was repeated in Lower Nueces River Water Supply District v. Sellers, 323 S.W.2d 324 (San Antonio Tex.Civ.App.1959, writ ref., n. r. e.). The quoted statement is obviously a valid observation when it appears in an appellate court's opinion, but it is not necessary to so instruct a jury and it is seldom good practice for a trial court to instruct a jury that something ordinarily occurs or does not occur.

· ■ The jury could have been advised that permanent improvements are regarded as a part of the realty and thus their value can be considered only in connection with that of the realty. But the giving or withholding of such an instruction, or of the one complained about, was within the discretion of the trial court. When the trial judge has given the jury clear instructions as to what is to be considered in its determination of value, he need not explain to the jury his reason for giving such instructions. State v. Carpenter, supra, emphasizes the necessity of avoiding elaborate instructions.

Appellant's third point alleges that the court's Instruction No. 2 constitutes a comment on the weight of the evidence in that it affirmatively instructs the jury that it shall in effect give improvements a value separate from that of the land. This point

is also overruled. The instruction as given is almost identical to the one used in the case of State v. Wheeler, supra; in that case the use of the word "shall" was expressly approved. The instruction given in the instant case differs from the suggestion as to an instruction found in County of Nueces v. Salley, 348 S.W.2d 397 (San Antonio Tex.Civ.App.1961, writ ref., n. r. e.), only in that the jury in the instant case was instructed that it "shall" rather than it "may" consider the enhancement by the improvements to the land as such.

■ We hold that "shall consider" is a more accurate statement of the law than "may consider", because the landowners were entitled under the evidence to have the jury consider such enhancement. The general rule is stated in an oft-cited quotation from 29A, C.J.S. Eminent Domain § 175(1), p. 738:

"Where land is condemned for public uses, the value of buildings or other improvements or fixtures on the land must be considered in determining the owner's compensation, to the extent that they enhance the value of the land to which they are affixed, the appropriator being required either to take the land with the improvements he finds thereon or to reject it in toto."

■ Having held that the instruction in question was not erroneous, we overrule for the same reasons the State's fourth point, which asserts that it was error for the trial court to refuse the State's requested Special Instruction No. 2: "You are instructed that improvements ordinarily have no market value separate from the land, and when considered in arriving at your answer to the Special Issue, improvements can only be considered to the extend (sic) that they add to, increase, or enhance the value of the land."

## APPELLEES' COUNTERPOINTS

The landowners assert that this case should be affirmed because appellant did not file in writing with the Clerk its objections to the court's charge with the court's ruling and signature endorsed thereon and because such objections were not made a part of the transcript as required by Rule 272, Texas Rules of Civil Procedure; further, that appellant has waived its objections by failing to comply with Rule 272.

The statement of facts contains the State's objections to the court's charge and shows that they were dictated to the court reporter in the presence of the trial judge and opposing counsel before the charge was read to the jury. Such objections apparently were not otherwise filed in writing with the Clerk; the transcript does not contain a copy of them.

■ We sustain appellees' first and second counterpoints. Prior to the effective date of the addition of Subdivision (*l*) to Rule 372 (January 1, 1967), the submission of objections to the court's charge was by bill of exception in the manner prescribed by Rule 272. Subdivision (*l*) of Rule 372 provides in part that "anything occurring in open court or in chambers that is recorded and so certified by the court reporter may be included in the statement of facts rather than in a bill of exception; * * *." This case was tried subsequent to the effective date of the amendment. We would apply the amendment to permit the preservation for appellate review of objections to the charge that appear in the statement of facts rather than in a bill of exception, but we find nothing in the amendment which repeals other requirements of Rule 272: 1) consent of the court and opposing counsel if the objections are to be dictated into the record, 2) noting of the court's ruling on the objections, and 3) the court's official signature. In the instant case none of these requirements is shown to have been met. We find nothing in Subdiv. (*l*) of rule 372 that eliminates the specific requirement of Rule 272 that the trial judge shall sign officially his rulings on the objections, but if the statement of facts bears the trial judge's signature this would seem to satisfy the signature require-

ment. In this case the trial judge did not sign the statement of facts; it was approved by the parties as permitted by Rule 377 (d), so the signature of the judge was not thus supplied.

The Turboffs' third counterpoint alleges that appellant's objections to the court's charge did not comply with the provisions of Rule 274. We hold that the objections did sufficiently advise the court as to the alleged defect or omission in the instruction, and we overrule the third counterpoint.

The judgment of the Trial Court is affirmed.