**J. G. LONG et al., Appellants,**

v.

**Ray SMITH et al., Appellees.**

**No. 571.**

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 18, 1971.

Rehearing Denied March 18, 1971.

Guittard, Henderson, Jones & Lewis, O. F. Jones, Victoria, for appellants.

Cullen, Edwards, Williams & Stevenson, Donald Edwards, Victoria, for appellees.

## OPINION

NYE, Chief Justice.

Appellees, as sub-contractor, brought suit by cross-action to collect the value of labor furnished in the reconstruction of a drive-in theatre. The trial court entered judgment against the theatre corporation, its president individually, and the contractor in the amount of $1574.00, covering labor and for attorney fees in the amount of $1250.00.

The three appellants attack the judgment on different theories as the liability applies to each of them. All of the appellants

contend that the trial court erred in awarding attorney fees. We sustain this last point and reform and affirm the judgment of the trial court.

Appellant J. G. Long, President and General Manager of the Twin Ranch Theatre, Inc., employed appellant Dan Knight, d/b/a Dan Knight Construction Company to do some reconstruction work on a drive-in theatre owned by appellant Twin Ranch Theatre, Inc. Contractor Knight in turn, employed one W. G. Lindsey to do certain aspects of the work for him. Lindsey contacted the appellees and told them that he was hired as a foreman for Mr. Knight (the contractor) and Mr. Long (President and General Manager of the theatre corporation) and that they, Knight and Long, would be responsible for paying for the labor and material that went into the job. The appellees agreed and thereafter furnished carpenters and other day laborers to work on the drive-in theatre. During the time appellees were working, Long and Knight observed them in the performance of their work.

At the conclusion of their work, appellees presented their invoice to Knight and Long for payment. They were told by them that they would have to get their money from Lindsey. Whereupon, the appellees gave written notice to Twin Ranch Theatre, Inc. and Knight, the contractor, in accordance with the mechanic's lien statutes, that they had furnished materials and labor in connection with the construction of the improvements on the theatre property and that they had not been paid. The theatre corporation, Long its President, and Knight, ignored the notice. The appellees then filed their lien affidavit on August 10, 1965, perfecting a valid lien against Twin Ranch Theatre, Inc. Evidence developed during the trial showed that even after receipt of this notice, Long and/or Twin Ranch Theatre, Inc. went ahead and paid Knight monies in excess of the amount claimed to be due and owing to appellees. Knight made no effort to pay appellees for their work.

In October 1965, Long and Knight filed suit against appellees seeking to cancel the lien affidavit filed by appellees. In their petition they erroneously stated that Long was owner in fee simple of the property which was described by appellees in the lien affidavit. They stated that appellees' lien affidavit created a cloud on Long's title and should be removed by the court. They further stated in this connection, that Knight had a valid and subsisting mechanic's lien with regard to the contract he entered into with Long; that Knight had entered into a contract with Lindsey for the performance of the work and that that contract had now terminated. Therefore, they concluded that neither Long nor Knight was indebted to Lindsey; and that if there was any debt due and owing to appellees, it was owed by Lindsey individually as the debt had been concealed from Long and Knight, to their detriment. The appellees answered and filed a cross-action against Long as the owner of the property and against Knight as contractor. They sought foreclosure of their lien and judgment for their debt, plus attorney fees. Long and Knight answered this cross-suit, re-affirming the ownership of the land in Long; acknowledging that Knight was the contractor who had a valid and subsisting mechanic's and materialman's lien with respect to the contract he entered into with Long covering the improvements on the premises; and further that appellees' lien had slandered the title to the real estate owned by Long, to his damage.

Just before trial, but over two years after the work had been performed, appellees determined that Twin Ranch Theatre, Inc. was the true owner of the property and that Long and Knight had misrepresented such ownership to them. They then filed an amended cross-action to include Twin Ranch Theatre, Inc., as well as Long and Knight. Twin Ranch Theatre, Inc. answered asserting the two-year statute of limitations as a defense to any cause of action against it. Fraud, waiver and estoppel

were then asserted by appellees against appellants. The case was tried before a jury.

The jury, in answer to a number of special issues, found in part that the appellees had furnished labor to the property of the Twin Ranch Theatre, Inc. in Victoria; that the reasonable value for such labor was $1574.00; that the labor was furnished to a job covered by a contract between Twin Ranch Theatre, Inc. and Knight; that Twin Ranch Theatre, Inc. paid Knight in excess of $1574.00 after August 14, 1965 (the date appellees' mechanic's and materialman's lien was filed of record); that Twin Ranch Theatre, Inc. accepted the benefits of the labor furnished by appellees; that Knight accepted the labor furnished by appellees; that Long's pleadings to the effect that title to the Twin Ranch Theatres, Inc.'s land was in him individually, induced the appellees not to sue Twin Ranch Theatre, Inc. until more than two years after the amount became due and owing; that at the time of pleading title in Long, Long had the authority to make the representations as to the title to the property on behalf of Twin Ranch Theatre, Inc.; that the pleading of title in Long was done on behalf of Twin Ranch Theatre, Inc.; and that reasonable attorney fees was $1250.00.

Based on the answers to the special issues, the trial court entered judgment that appellants take nothing and that appellees have judgment against Twin Ranch Theatre, Inc., Long and Knight for $1574.00, plus attorney fees, jointly and severally, in the amount of $1250.00.

Appellants contend in their points one and two that the statute of limitations applies as to Twin Ranch Theatre, Inc. They argue that appellees cannot rely on estoppel because the means of asserting the true facts and ownership of the property in question was available to them, and through their negligence they failed to pursue these means.

The evidence shows that the appellees correctly gave notice of non-payment to Twin Ranch Theatre, Inc. and to Knight. They filed their lien affidavit of record as provided for in Art. 5453, V.A.C.S. Their knowledge of ownership was obtained from an abstractor's run sheet. Long was the President and General Manager of the family-owned corporation. He appeared at the jobsite and talked to appellees. He then falsely represented to appellees in numerous pleadings that he was in fact the owner of the property, even though he had actual knowledge that the notice of non-payment had been given and the lien affidavit had been filed against the true owner, Twin Ranch Theatre, Inc. This fact was relied on by appellees.

The essential elements of an action of fraud are based upon a false statement of material facts made to be acted on and actually believed and acted on with the consequential injury to the person acting thereon. 25 Tex.Jur.2d, § 13, Elements of Fraud, pp. 625–629. If at the time of a particular transaction, one party is as well informed as the other with respect to the facts, the doctrine of equitable estoppel will not arise. This is true because the basis of estoppel is deception, and there can be no deception where the party that pleads estoppel had full knowledge of the truth of the matter. 22 Tex.Jur.2d, § 14, Estoppel, p. 679. A party is ordinarily also under a duty to exercise reasonable care and diligence in relying on statements of an adverse party as a basis for estoppel. However, the defrauded party is under no duty to make an investigation to discover the existence of fraud, unless and until he has acquired knowledge of facts that would put a reasonable prudent person on inquiry. After the appellees obtained the initial information on the ownership question (at the time they filed their lien affidavit), Long, who was the person most knowledgeable, made the positive assertion of ownership in himself. There was no subsequent evidence that would have put the appellees on further inquiry as to ownership after Long had made the misleading statement. The appellees had no further duty to discover the ex-

istence of the fraud practiced by appellant Long in such a situation. 37 Tex.Jur.2d, Limitation of Actions, § 71, pp. 204–207. In this case the parties were not dealing on equal terms. Long was President of Twin Ranch Theatre, Inc. and its General Manager. He represented the family in the corporate affairs. He had available the true facts of ownership of this property. Long knew or should have known that his positive statements of ownership in himself would necessarily be relied upon by the appellees, as it was. 25 Tex.Jur.2d, Fraud and Deceit, § 25, pp. 647–649.

Appellant Theatre corporation argues that the jury absolved it of liability in a special issue which the trial court disregarded upon motion for judgment by appellees. The issue was:

"From a preponderance of the evidence, do you find that Cross-Plaintiffs' (appellees') failure to discover that title had been misrepresented was not due to a lack of diligence by them?

"Answer 'It was not due to a lack' or 'It was due to a lack'.

"We, the jury, answer 'it was due to a lack.' "

▮ ▮ The appellants argue that the trial court was in error in disregarding this issue as there was ample evidence to support the issue and that it is a complete defense to any judgment against Twin Ranch Theatre, Inc. We disagree. This point is not properly before us. Rule 418, Texas Rules of Civil Procedure, relative to briefs, requires that the brief which contains the points relied upon for reversal, shall also include a condensed statement of facts which pertains to such points "with references to the pages in the record where the same may be found;". No such statement as to any facts are made by appellants and no reference to any page in the rather lengthy statement of facts can be found. We have read the statement of facts and fail to find any evidence that appellees had acquired any knowledge of any

facts after the fraudulent statements were made that would put a reasonable prudent person on inquiry as to the falsity of the statements. Employers Mutual Liability Insurance Co. v. Murphy, 434 S.W.2d 246 (Tex.Civ.App.—Eastland 1968, n. r. e.). The trial court was correct in disregarding this issue.

The appellants filed a number of objections and exceptions to the court's charge. The preamble to these written objections states:

"* * * it being agreed by the Court and all parties that these objections may be dictated to the Court Reporter at this time, all of the evidence having been closed and the Court have presented its Charge to counsel for the parties for their inspection and objection, and that such objections may subsequently be reduced to writing by the Court Reporter and filed and shall be considered timely filed at that time; and it is further agreed that the Court Reporter may indicate the ruling of the Court at the end of these objections by typing the same thereupon, and *that formal endorsement of the Court's ruling thereon by the Court is waived,* such objections being as follows: * * *"; etc., (Emphasis supplied).

And at the end of the objections and exceptions the following was stated:

"* * * that same were thereafter reduced to typewriting by me; and that the further comments shown below constituted the ruling of the Court at said time:

"THE COURT: 'All right. Let the record reflect that the objections and exceptions to the Court's Charge have been timely presented by the Plaintiff and Cross Defendant and duly, in all things, overruled.'
(Signed) Jo Ann Dorton
Jo Ann Dorton,
Official Court Reporter,
24th Judicial District Court "

The trial judge's signature was never endorsed on the objection and exception to the charge.

Rule 272, T.R.C.P., provides in part:
" * * * The requirement that the objections to the court's charge shall be in writing will be sufficiently complied with if such objections are dictated to the court reporter in the presence of and with the consent of the court and opposing counsel, before the reading of the court's charge to the jury, and are subsequently transcribed and the court's ruling and *official signature* endorsed thereon and filed with the clerk in time to be included in the transcript * * *." (Emphasis supplied)

■■ There cannot be a waiver of the provisions of this rule by the attorneys. The basis for requiring the trial court to endorse the "objection to the court's charge" by placing his official signature thereon, is to give the court an opportunity to formally attest to the correctness of the form and substance of the objections. In the written objections he can visually observe the exactness of his rulings in connection with the charge. This requirement is for the protection of the trial judge. Without such formal requirement, a trial judge could be stipulated into error in connection with his own charge. We hold that an objection to the charge of the court is not preserved for review, where the court does not endorse his ruling on the objection to the charge by signing the same officially. Texas Casualty Insurance Company v. Beasley, 381 S.W.2d 236 (Tex.Civ.App.—Austin 1964) reversed on other grounds 391 S.W.2d 33 (Tex.Sup. 1965); Maryland Casualty Co. v. Golden Jersey Creamery, 389 S.W.2d 701 (Tex. Civ.App.—Corpus Christi 1965); and see State v. Turboff, 431 S.W.2d 953 (Tex. Civ.App.—Houston (1st) 1968, n. w. h.).

It was proper for the trial court to disregard special issue number eleven for other reasons. The issue itself was confusing. It was not specific as to any point of time,

nor was it framed in such a way as to negate the positive liability issues found by the jury against the appellants. Appellants' objections or suggestions to this portion of the court's charge were not preserved for our consideration. As the issue was written, it was neither an ultimate nor a controlling issue. Appellants' point one and two are overruled.

■ Appellants' point of error number five that no judgment should have been rendered against J. G. Long on any theory of fraud because there is no evidence to show that he made any misrepresentation upon which the appellees were entitled to rely, is overruled. What we have said under points one and two apply here to appellant Long. Appellant Long's argument that the representations as to title were made by Knight and cannot be imputed to Long is also without merit. The original pleadings named Long and Knight as plaintiffs and the representations were made by both parties. The evidence supports the jury's answers to the issues of misrepresentations.

Appellant Knight's point number six claims that no judgment could be rendered against him because appellees' claim is barred by the statute of frauds and appellees did not obtain jury findings to support the judgment. The Supreme Court of Texas said that:

"The Statute of Frauds was first enacted in England in 1677. Considering modern rules of evidence and business practice, there are some who believe that insofar as applicable to facts similar to those here, such statute has outlived its usefulness. It is a two-edged sword. It is argued that it may be used to perpetrate frauds as well as to prevent them. Under it a person may obtain a substantial benefit for himself under an oral promise to pay the debt of a third person and then resist payment on the ground that his promise is oral and therefore unenforceable under the Statute of Frauds. Because of this and other dan-

gers, the courts of England and this country have sought to keep the Statute within its intended purpose." Gulf Liquid Fertilizer Co. v. Titus, 163 Tex. 260, 354 S.W.2d 378 (1962).

■ The jury found, based upon sufficient evidence, that Lindsey represented to appellees that Knight would pay for the labor furnished by appellees and that Knight accepted the benefit of the labor so furnished by appellees. Rule 279, T.R.C. P., provides that if the ground of recovery consists of more than one element and where the court submits some of the elements but omits others, and there is no objection to the failure to submit the same, the parties will be placed in a position of having agreed to waive a jury trial on the unsubmitted elements and to have submitted them to the court for his determination. There was no valid objection to the court's charge. None of the parties requested any expressed finding on any unsubmitted elements of recovery against them. Therefore, on appeal it is presumed that the court found such unsubmitted elements in such manner as to support the judgment of the trial court. Appellants Knight's and Long's points of error are overruled.

■ ■ This brings us to appellants' point of error relative to the award of attorney fees. Appellees' contract was not in writing. Appellees state in their brief that their entire claim was based upon labor that they furnished to this job. It is clear that the services were performed for Lindsey and not the corporation, Long or Knight, the appellants herein. Appellees contend that their suit is based upon a sworn account and they are entitled to recover within the meaning of Art. 2226, V. A.C.S. This article was intended to apply only to claim for personal services rendered, labor done or materials furnished by the claimant for and/or to the person or corporation against whom the claim was asserted. Tenneco Oil Company v. Padre Drilling Company, 453 S.W.2d 814 (Tex.

Sup.1970). The Supreme Court in this case held that claims for personal services within the meaning of Article 2226 are only those claims for services rendered by the claimant personally and that a claim for "labor done" is a claim for a physical exertion type of personal service. Although not all personal services constitute "labor", all labor is a personal service. The trial court was therefore in error in including the attorney fees in the judgment in this case against these appellants. . Meaders v. Biskamp, 159 Tex. 79, 316 S. W.2d 75 (1958); Van Zandt v. Fort Worth Press, 359 S.W.2d 893 (Tex.Sup. 1962).

The judgment is therefore reformed so as to delete the attorney fees' portion of the judgment in the amount of $1250.00. The judgment is reformed in part, and as reformed is affirmed.

## OPINION ON MOTION FOR REHEARING

■ Appellants have in their motion for rehearing requested that we apportion the costs of this appeal in view of our reformation of the trial court's judgment. We sustain this point and order the costs involved in this appeal to be divided equally between appellants and appellees. All other points in the motion for rehearing are overruled.