**BIARD OIL COMPANY et al., Appellants,**

**v.**

**ST. LOUIS SOUTHWESTERN RAILWAY COMPANY et al., Appellees.**

**No. 814.**

Court of Civil Appeals of Texas, Tyler.

April 17, 1975.

A. Webb Biard, Paris, for appellants.

John L. Hill, Atty. Gen. of Texas, John T. Richards, II, Asst. Atty. Gen., Austin, for appellee, The State of Texas.

Ramey, Flock, Hutchins, Grainger & Jeffus, Jack W. Flock, Mike A. Hatchell, Tyler, for appellee, St. Louis Southwestern Railway Co.

No brief filed for appellee, The Woodward Co., a division of Mead Corp.

DUNAGAN, Chief Justice.

This suit was brought by St. Louis Southwestern Railway Company against Biard Oil Company, Robert Glynn Sullivan, G. L. Skidmore and Phillips Petroleum Company. In accordance with the verdict of the jury the court rendered judgment against Biard Oil Company and Robert Glynn Sullivan. From this judgment Biard Oil Company and Sullivan appealed. However, only Biard Oil Company has filed a brief.

Defendants, Skidmore and Phillips Petroleum Company, filed pleas of privilege which were sustained by the trial court and the cause of action against them was severed and transferred to other counties.

The appeal is from a judgment for property damage on a jury verdict finding Biard Oil Company's truck driver, Robert Glynn Sullivan, at fault in a crossing accident on the outskirts of Tyler, which caused extensive damage to property of the Cotton Belt Railroad.

The appeal is before this court on the transcript and a statement of facts abbreviated under the provisions of Rules 377 and 377a, Texas Rules of Civil Procedure.

The evidence shows that a member of the crew was killed, another died after the accident and a "dead-heading" trainman also lost his life in the accident.

Damages being stipulated, only liability issues were submitted to the jury.

Appellant, Biard Oil Company, predicates its appeal upon one point of error which asserts (1) that the trial court erred in not granting in toto appellant's motion in limine precluding the railroad from showing that two of its employees, who were passengers on a train which collided with appellant's truck, were killed in, or as a result of, the accident, and (2) the failure of the court to grant a mistrial because of the railroad's reference during argument to the fact that its employee-witnesses were deceased.

█ It is never error for a trial court to overrule a motion in limine which seeks to preclude the introduction of evidence. The party opposing the admission of certain evidence still has the burden of interposing a specific objection at the time the evidence is tendered and appeal from its admission over his objection. K–Mart No. 4195 v. Judge, 515 S.W.2d 148 (Tex.Civ. App., Beaumont, 1974, writ dism.); Central Power & Light Co. v. Martinez, 493 S.W.2d 903, 906 (Tex.Civ.App., Corpus Christi, 1973, n. w. h.); Johnson v. Reed, 464 S.W.2d 689 (Tex.Civ.App., Dallas, 1971, ref'd, n. r. e.); City of Wichita Falls v. Jones, 456 S.W.2d 148, 150 (Tex.Civ. App., Fort Worth, 1970, n. w. h.); Hart-

ford Accident and Indemnity Co. v. McCardell, 369 S.W.2d 331, 335 (Tex.1963).

Appellant, Biard Oil Company, complains of the court's failure to grant its motion for mistrial during argument to the jury because appellee in its argument referred to the death of two witnesses. The deceased witnesses referred to were employees of the railroad.

█ It is well settled that a party's failure to call an employee-witness who has, or was in a position to have, relevant information about the subject of litigation, may give rise to the presumption that the absent witness' testimony would be unfavorable to his employer. Thus, it is always permissible for a party to explain the absence of an employee-witness. Ligon v. Green, 206 S.W.2d 629, 630 (Tex.Civ.App., Fort Worth, 1947, n. w. h.); Weatherford, M. W. & N. W. Ry. Co. v. Duncan, 88 Tex. 611, 32 S.W. 878, 879 (1895); 56 Tex.Jur. 2d p. 598, sec. 260. The record shows that the appellee proved the death of its employee-witnesses to explain the absence of their testimony at the trial and such proof was received without objection from the appellants.

█ Counsel's reference to the death of its employee-witnesses was not reversible error because (1) the evidence explaining the absence of the witnesses was permissible and it was proper for counsel to at least comment on the evidence during his argument to the jury without dwelling upon the matter. State v. Wheeler, 390 S. W.2d 339, 341 (Tex.Civ.App., Beaumont, 1965, writ ref'd, n. r. e.); Plains Creamery v. Denny, 277 S.W.2d 755, 763 (Tex.Civ. App., Amarillo, 1954, writ ref'd, n. r. e.); (2) a motion for mistrial directed to the argument of counsel is not shown by the record to have been overruled by the court and, thus, no error in regard to the motion is preserved for review. Transport Insurance Company v. Nunn, 375 S.W.2d 484, 487 (Tex.Civ.App., Houston, 1964, writ ref'd, n. r. e.); (3) the motion for mistrial was not timely. It was made at the close

of the railroad's opening argument, much too long after the comment to which it was directed, and there was no request that the jury be requested to disregard the comment. Brazos River Authority v. Berry, 457 S.W.2d 79, 80 (Tex.Civ.App., Tyler, 1970, writ ref'd, n. r. e.); Missouri, K. & T. Ry. Co. of Texas v. Nesbit, 43 Tex.Civ. App. 630, 97 S.W. 825, 828 (1906, writ ref'd); and (4) under no conceivable analysis of this record could it be said that the innocuous reference to the death of the railroad's employees was calculated to or probably did cause the jury to return an improper verdict. Rule 434, Texas Rules of Civil Procedure; H. E. Butt Grocery Company v. Quick, 442 S.W.2d 798, 802 (Tex.Civ.App., San Antonio, 1969, writ ref'd, n. r. e.). Appellant's point of error is overruled.

By cross-point appellees urge us to assess 10% of the amount in dispute as damages as provided for in Rule 438, T.R.C.P., for a frivolous appeal taken for the purpose of delay.

 It has long been the general rule in this State that a motion for damages for delay, or for frivolous appeal, has the effect of opening up the entire record in the case, requiring the appellate court to inspect the record and notice any errors, whether assigned or not, and to assess damages only in the event the court concludes from the whole record that the appeal was not taken in good faith, but for delay only. National Surety Corporation v. Stukes, 350 S.W.2d 900 (Tex.Civ.App., Austin, 1961, n. w. h.); Grimes v. Robitaille, 288 S.W.2d 211 (Tex.Civ.App., Galveston, 1956, writ ref'd, n. r. e.); Texas State Life Ins. Co. v. Aparicio, 129 S.W.2d 794 (Tex.Civ.App., San Antonio, 1939, n. w. h.); Oilmen's Reciprocal Ass'n v. Coe, 6 S.W.2d 1046 (Tex.Civ.App., Eastland, 1928, n. w. h.). There are exceptions to this rule which we do not deem to be applicable to the case at bar.

Only a partial statement of facts is on file in this court. In the absence of a *complete record* of the proceedings in the trial court by which this court by an inspection thereof may conclude from the *whole record* that the appeal was taken for delay and that there was no sufficient cause for taking such appeal, this court is without authority to make an award of 10% of the amount in dispute as damages under Rule 438. Davidson v. Butler, 519 S.W.2d 511 (Tex.Civ.App., Fort Worth, 1975, n. w. h.) and authorities therein cited; Platzer v. Platzer, 383 S.W.2d 260 (Tex.Civ.App., Houston, 1964, n. w. h.); National Surety Corporation v. Stukes, supra.

In order to obtain damages under Rule 438, it is necessary for the moving party to file a *complete record* of the proceedings in the case below, if none is otherwise filed. Texas State Life Ins. Co. v. Aparicio, supra. Appellee is in the position of an appellant with respect to its cross-point. Charter Oak Fire Insurance Company v. Adams, 488 S.W.2d 548 (Tex. Civ.App., Dallas, 1972, writ ref'd, n. r. e.).

Appellees' motion to award an additional 10% penalty as damages under Rule 438 is denied.

The judgment of the trial court is affirmed.