**TEXAS NATIONAL CORPORATION,**
Appellant,

v.

**UNITED SYSTEMS INTERNATIONAL,
INC., Appellee.**

No. 5188.

Court of Civil Appeals of Texas,
Waco.

Nov. 2, 1972.

Rehearing Denied Dec. 7, 1972.

Parnass, Clement & Cline, Irving, for appellant.

Passman, Jones, Andrews, Coplin & Holley, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Texas National from summary judgment against it on a note.

Plaintiff United Systems sued defendants Texas National, Designed Futures Investment Corporation, James Reagin and Cathy N. Reagin on a promissory note, executed by defendant Designed Futures, and guaranteed by all defendants. A copy of the note and guarantee were attached to plaintiff's petition.

Defendant Texas National filed answer, which consisted of a general denial.

The trial court entered Interlocutory Default Judgment against the defendants which filed no answer.

Plaintiff thereafter filed motion for summary judgment against defendant Texas National, and attached as supporting summary judgment evidence, the affidavit of M. L. Bradley, a Vice President of plaintiff.

The trial court granted plaintiff's motion for summary judgment and rendered judgment for plaintiff against defendant Texas National (and the defaulting defendants) jointly and severally for the amount of the note plus accrued interest.

Defendant appeals on 3 points contending the trial court erred in rendering summary judgment against it because:

1) Plaintiff did not attach to its pleadings nor tender in evidence the original or a certified or sworn copy of the promissory note sued on.

2) Plaintiff did not plead or prove that plaintiff is the owner and holder of the promissory note sued on.

3) The record raises a genuine issue of material fact of whether plaintiff is the owner and holder of the note sued on.

Plaintiff's petition alleged: "a copy of said note being attached hereto, marked Exhibit "A", adopted herein by reference for all purposes, and made a part hereof"; and the copy of the note was in fact attached.

Plaintiff's petition further alleged: "Plaintiff, being from such date of execution and delivery of such note to the present date the legal owner and holder of such note * *".

The affidavit of M. L. Bradley states: " * * I have personal knowledge of all the facts and circumstances surrounding the promissory note executed in behalf of Designed Futures * * and of the * * assumption of liability executed by Texas National Corporation and the other defendants * *. I have read Plaintiff's Original Petition * * and have studied the exhibits attached to that petition, and know of my own knowledge that the factual allegations contained in said petition are true and correct; that on or about June 1, 1971, the promissory note marked Exhibit "A" and attached to Plaintiff's Original Petition and incorporated therein by reference, was executed by Tom C. Puckett, Secretary of Designed Futures * *; that further attached to Plaintiff's Original Petition is document styled Release and Assumption of Liability, marked Exhibit "B" and incorporated therein by reference for all purposes, wherein Texas National Corporation * * guaranteed jointly and severally said promissory note * * that I have made demand * * for payment of all amounts due under said promissory note and guaranty agreement, but that the defendants including Texas National Corp. * * failed and refused to pay * * the balance due * * plus interest * *".

Plaintiff attached a copy of the note and established by summary judgment evidence in Bradley's affidavit that Bradley had knowledge of the execution of the note and assumption of liability by defendant Texas National; that the factual allegations of plaintiff's petition and exhibits including the note are true and correct; that the note is payable to plaintiff, and plaintiff has made demand on defendants, but defendants have failed and refused to pay.

We think Bradley's affidavit sufficient to constitute Exhibit "A", the copy of the note, a sworn copy; and that such affidavit is sufficient, taken with the allegation in plaintiff's petition to constitute proof that plaintiff is the owner and holder of the note.

Defendants assert Perkins v. Crittenden, Tex., 462 S.W.2d 565 is controlling in their behalf. We think such case distinguishable on its facts in that there the copy of the note was accompanied by an "acknowledgment (that [the note] was executed for the purposes [and consideration] therein expressed)", rather than a sworn affidavit as required by Rule 166–A Texas Rules of Civil Procedure.

Defendants' points are overruled.

Affirmed.