**TEXAS NATIONAL CORPORATION,**
Petitioner,

v.

**UNITED SYSTEMS INTERNATIONAL,**
INC., Respondent.

No. B–3773.

Supreme Court of Texas.

April 18, 1973.

Parnass, Clement & Cline, James G. Clement, Irving, for petitioner.

Passman, Jones, Andrews, Coplin & Holley, Shannon Jones, Jr., and George Nachman, Dallas, for respondent.

GREENHILL, Chief Justice.

The courts below have upheld a summary judgment for the plaintiff on a promissory note. The facts are fully set out in the opinion of the court of civil appeals. 487 S.W.2d 863. We reverse because the plaintiff failed to make the necessary summary judgment proof under Rule 166–A(e) of the Texas Rules of Civil Procedure.[1]

Reducing the facts, the pleadings, and summary judgment proofs to their simplest form for purposes of this opinion, we find the following: the plaintiff's petition alleges that the note sued upon was executed to it by defendant, was due and unpaid, and that the plaintiff had been, since the execution of the note to the present, the owner and holder of the note. The petition is not sworn to.

The petition also states that "a copy of said note" is attached to the petition, marked Exhibit A, and referred to for all purposes. The copy of the note is not attested to as a "sworn or certified copy."[2]

The defendant filed a general denial.

The plaintiff then filed an unsworn motion for summary judgment which had attached to it an affidavit. The affidavit was executed by a vice president of the plaintiff corporation. He stated, among other things, that he had charge of the books and records of the plaintiff; that he had read the plaintiff's petition and had studied the exhibits attached thereto, and that "I know of my own knowledge that the factual allegations contained in said petition are true and correct." The affiant does not swear that the plaintiff is the owner and holder of the note. He does swear that the facts of the petition are true, and the petition states that plaintiff was [to the time of the filing of the petition] the owner and holder of the note.

Neither the original nor a sworn copy of the note was attached to the affidavit or to the motion for summary judgment.

The defendant filed an answer to the motion for summary judgment. The answer pointed out that the plaintiff's motion for summary judgment and the affidavit were insufficient because "neither the original of said note nor a true [sworn] copy thereof have been made a part of this case, and plaintiff has failed in its proof that it is the owner and holder and in possession of the promissory note." This answer placed the problems squarely before the trial court, and it should have been heeded.

Rule 166–A(e) provides for supporting proof for the motion for summary judgment; and as relevant here, it says: "Sworn or certified copies of all papers . . . referred to in an affidavit shall be attached *thereto*. . . ."

There have been four opinions of this Court in recent years which show the development of the law before us:

In Southwestern Fire & Casualty Co. v. LaRue, 367 S.W.2d 162 (Tex.1963), a *copy*

---

1. All rules herein are Texas Rules of Civil Procedure. The rules bear the same numbers in Vernon's Texas Rules of Procedure, Civil.

2. Another instrument, not relevant here, is attached to the petition as Exhibit B. That instrument is certified before a notary as a true copy.

of the note was attached to the *pleadings*. The original of the note was not attached to the motion for summary judgment or an affidavit attached to the motion. No exception was made of this in the trial court, and no point was assigned thereon in the court of civil appeals. That court's opinion erroneously stated that "the note itself was attached to [the] plaintiff's petition." Our opinion stated, in effect, that this method of procedure by the plaintiff was not good practice, but it did not present fundamental error. The court, therefore, did not reach the problems discussed in the dissents.

There were two dissenting opinions. The dissent of three justices [Calvert, joined by Walker and Hamilton] pointed out that in the face of a general denial, merely attaching a copy of the note to the pleadings did not prove that the plaintiff was the owner and holder of the note. The original of the note carries with it evidence of possession and ownership. A copy does not. The dissent stated that the plaintiff "could have discharged its burden without producing and introducing the original note, under Rule 166–A(e), by attaching a sworn or certified copy of the note to a proper affidavit or by serving such a copy with the affidavit." 367 S.W. 2d at 166.

Justice Griffin filed a separate one-line dissent on the ground that "the note, or a copy admissible as evidence in accordance with legal rules, *was not attached to an affidavit supporting the motion* for summary judgment." [emphasis added here].

The next opinion was Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex.1963). There the supporting document was attached to a *pleading* (not the motion for summary judgment or affidavit). An affidavit referred to the pleadings and the document. No objection or exception was made in the trial court to the fact that the supporting proof was not attached to the motion or to an affidavit attached to the motion. This point was made for the first time on appeal.

The opinion of the court was that the affidavits "were subject to exception . . . because . . . verified or certified copies . . . were not attached to or served with the Johnson affidavit." The court observed, however, that there was no possibility that anyone was misled or deceived. The holding was that exceptions to the deficiencies should have been made, if there was any doubt in the matter, in the trial court; and "[w]e hold that objections of this kind may not be raised for the first time on appeal. . . ."

Then came Perkins v. Crittenden, 462 S.W.2d 565 (Tex.1970). There again a *copy* of the promissory note sued upon was attached to the *petition*. The plaintiff moved for summary judgment with a supporting statement that the person making the statement had read the petition, and that it was true and correct. The statement, however, was not sworn to as an affidavit; it was simply acknowledged as a deed is acknowledged. It was held that it was error to enter the summary judgment.

The court in the *Perkins* case again pointed out the desirability of attaching the original of the note because possession is at least evidence of present ownership of the note. And, again, the court pointed out that Rule 166–A(e) could be complied with "by attaching a sworn or certified copy of the note *to a proper affidavit.*"

Finally, there is Hidalgo v. Surety Savings & Loan Association, 462 S.W.2d 540 (Tex.1971). The main summary judgment problem there was whether the plaintiff was a holder in due course of the promissory note sued upon. The defendant had filed a general denial, and pleas of fraud in the inducement, and of failure of consideration.

The *pleadings* of the plaintiff were sworn to. They set out that the plaintiff was a holder in due course and other matters. The defendant filed affidavits in opposition to the motion for summary judgment. The plaintiff moved for summary

judgment on the matter sworn to in its *petition* aided by the affidavits of the defendant. The holding was that it was error to grant the plaintiff's motion for summary judgment. The reasoning was that matters sworn to in the *pleadings* are not summary judgment proof. A motion for summary judgment must be supported by its own summary judgment proofs unless the case is one properly decided on pleadings alone. "Pleadings simply outline the issues; they are not evidence, even for summary judgment purposes." 462 S.W.2d at 543. "On balance, we are convinced that orderly judicial administration will be better served in the long run if we refuse to regard pleadings, even if sworn, as summary judgment evidence." 462 S.W.2d at 545. And, since there was no summary judgment proof supporting the element of "holder in due course," the defendant was entitled to her trial on failure of consideration to support the note sued upon. It was error to enter summary judgment against her.

Two justices concurred in the result in *Hidalgo*. They agreed that the statements in the *pleadings* about holder in due course were mere conclusions and were not adequate summary judgment proof. They were of the opinion, however, that facts sworn to in pleadings should be treated as any other affidavits filed in the case. The holding is otherwise.

In the light of the above cases, there are at least two reasons why the trial court erred in granting the plaintiff's motion for summary judgment:

■ 1. The factual statements to support the motion for summary judgment are in the pleadings, not in a sworn motion or affidavit in support of the motion. The affidavit does not swear that the plaintiff is the owner and holder of the note sued upon. The granting of the motion, therefore, falls under the rules announced in Hidalgo v. Surety Savings & Loan cited and discussed above.

■ 2. Neither the original nor a sworn copy of the note was attached to a motion or an affidavit in support of the motion as required by Rule 166–A(e). A copy of the note, unsworn and uncertified, was attached to the plaintiff's *pleadings*, but exception was taken to this in the defendant's answer. Under the holding of Youngstown Sheet & Tube Co. v. Penn, cited and discussed above, the plaintiff's affidavit was subject to exception; and the defendant's point should have been sustained.

■ We point out again the desirability of counsel's following the wording of Rule 166–A(e). The opinion in *Hidalgo* clearly states that unless the case is one properly to be decided upon the pleadings, a motion for summary judgment should be supported by its own summary judgment proof as set out in the rule, and not by reference to the pleadings. The opinion in *Youngstown* clearly announces the policy that supporting proofs should be attached to the motion or an affidavit, not to the pleadings. And the opinions in *LaRue*, majority and dissenting, point out the high desirability of attaching the *original* of the note to the motion or affidavit. If a sworn or certified copy, rather than the original of the note, is used, the motion or affidavit should clearly evidence that the plaintiff is the present owner and holder and in possession of the note.

The judgments of the courts below are reversed, and the cause is remanded to the district court.