**Douglas KAIN et al., Appellants,**

v.

**W. Oscar NEUHAUS, Trustee, Appellee.**

**No. 839.**

Court of Civil Appeals of Texas,
Corpus Christi.

Sept. 19, 1974.

Rehearing Denied Oct. 10, 1974.

**46**

George D. Martin, Harris, Martin, Carmona & Cruse, Galveston, L. De Witt Hale, for appellants.

Barnet B. Skelton, Price & Skelton, Houston, for appellee.

OPINION

NYE, Chief Justice.

The appellee brought suit for specific performance of an earnest money contract. The appellants were the owners of undivided interests in approximately eight hundred fifty-two (852) acres of land on Matagorda Peninsula in Matagorda County, Texas. The appellants answered appellee's suit by a verified denial alleging fraud and deceit as their defense. The appellee filed a motion for summary judgment supported by various affidavits. In response, the appellants filed affidavits supporting their answer. The trial court granted summary judgment for the appellee. The appellants appeal to this Court.

Barnet B. Skelton, attorney at law, and Virgil Townley acted as agents for the appellee. Townley visited with, Douglas Kain, one of the appellants, about the purchase of the land in question. Kain appeared to be the most influential of all of the family members who owned the property in question. Townley offered to purchase the entire tract for $350.00 per acre with the land owners retaining one-half (½) of the minerals except that covered by production. Kain stated in his affidavit that prior to the signing of the contract in question, he told Townley and Skelton that the appellants would not sell the land unless they had the right to negotiate on the minerals. The contract was prepared by Skelton for Kain's signature as well as for the other appellants. The contract did not provide for the appellants to have the executory rights on the minerals. According to Kain, he questioned Skelton about the right to negotiate on the minerals and told Skelton as well as Townley that they would not sell the land unless they had that right. Kain was told that this was agreeable and that this could be worked out but that the appellants should go ahead and sign the earnest money contract. Kain stated that he relied on the statement of Skelton and Townley. Kain stated that Skelton had represented him in other legal matters in the past and that he had every confidence in Skelton that he would perform in accordance with his representations. Kain stated that he relied upon Skelton's agreement and went about in procuring the signatures of the other members of the Kain family (appellants) owning interest in the subject land. The contract provided for the purchase of the land for consideration of $350.00 per acre, totalling $298,385.50. The appellants were to deliver and execute a general warranty deed on or before the closing date of March 1, 1971.

The affidavits of the escrow agent and others showed that the appellee had delivered checks in the respective amounts in relation to each owners' interest totalling $56,000.00 representing the cash down payment. The prepared deed did not give the land owners the right to negotiate the minerals under the land to be sold. On the closing date, all of the appellants except one refused to execute the deed. They did not accept the cashier's checks and have continued to refuse to perform under the earnest money contract.

The appellee then brought suit against the appellants for specific performance. Nineteen (19) of the appellants filed sworn denials alleging that signatures on the earnest money contract were procured by fraud and the deceit of appellee's agent, Barnet B. Skelton, who knowingly and falsely misrepresented the fact, among others, that the appellants were to have the executory rights to the minerals. The appellee then filed his motion for summary judgment along with various affidavits as exhibits. The trial court granted appellee's motion for summary judgment.

The appellants advanced two points of error complaining that the trial court erred in granting appellee's motion for summary judgment: first, that appellee failed to show by competent summary judgment proof that he was entitled to judgment as a matter of law; and second, that appellee's motion was fatally defective as a matter of law because the appellee failed to attach to the motion or to the accompanying affidavits sworn or certified copies of appellee's exhibits; specifically, the earnest money contract made the basis of appellee's suit. We consider appellants' second point first.

The office of summary judgment has been described as a marvelous instrument in expediting the administration of justice. It is the means by which causes of action or defenses to causes of action with no real merit are weeded out without the expense of time and money caused by protracted trials with the inevitable loss of judicial time where the claim or defense is not good as a matter of law. See 4 McDonald Judgment, Section 17.26. We recognize the important effect and the proven

efficiency of the summary practice in an appropriate situation. However, the rule (166-A) must be cautiously invoked to the end that all parties must be offered a trial where there is a bona fide dispute between them. Although the expedient disposition of cases is a cardinal virtue in the administration of justice, it does not outmatch the importance of a party's fundamental right to his full day in court. Our courts have, therefore, required strict compliance of the summary judgment rule in the summary judgment practice so that the movant will not be deprived of his fundamental right to a trial on the material fact issues that exist. The movant must comply with the summary judgment rule to be entitled to its benefits. It was unknown at common law and, therefore, exists only by virtue of the rule. Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396 (1958).

Appellee's motion for summary judgment reads in part as follows:

"Plaintiff is entitled to judgment against the Defendants, as a matter of law, against the Defendants, for the specific performance of the Earnest Money Contract upon which Plaintiffs' suit is predicated, *for all of the reasons and matters of fact set forth in Plaintiff Original Petition on file herein, which said pleading, together with the Earnest Money Contract attached thereto as an exhibit, are herenow attached to this Motion for Summary Judgment as Exhibit 'A', incorporated by reference herein as part and parcel hereof and made* a part hereof, . . ."

Checking the motion for summary judgment which is in the transcript, the only exhibit "A" which was "incorporated by reference" fails to have the earnest money contract attached. On page 285 of the transcript, the district clerk makes this explanation:

"The *following pages* constitute exhibits *not filed* at the time PLAINTIFF'S MOTION FOR SUMMARY JUDG-MENT was filed. On October 2, 1973, after preparation of this Transcript had already begun, Plaintiff's Attorney, Barnet B. Skelton, removed said copy of Plaintiff's Original Petition and Exhibits from an unserved Citation in the Clerk's file and requested that it be shown as an attachment to this Motion." (Emphasis supplied.)

"The following pages" not filed, referred to in the clerk's explanation, contains a copy of plaintiff's petition with exhibits attached and includes a copy of the earnest money contract. However, the copy of the earnest money contract attached to the copy of the petition was neither sworn to nor was it certified.

The Rules of Civil Procedure, 166-A(e) provides as follows:

"(e) Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. *Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.* The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits." (Emphasis supplied.)

The appellee argues that even if the copy of the contract was not attached to the original petition, the exhibits were before the court and should be considered. In the alternative, appellee says that the pleadings and exhibits were incorporated by reference into the motion and, therefore, were before the court. The use of such pleadings as summary judgment evidence was rejected by the Supreme Court in two recent cases. Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex.Sup.1971) and Texas Nat. Corp. v. United Systems International, Inc., 493

S.W.2d 738 (Tex.Sup.1973). The Court in the Hidalgo case said:

" . . . we are convinced that orderly judicial administration will be better served in the long run if we refuse to regard pleadings, even if sworn, as summary judgment evidence."

Next, the appellee contends that the affidavits filed with the motion for summary judgment with unsworn and uncertified copies of the earnest money contract attached constituted valid summary judgment evidence satisfying the requirement of Rule 166–A(e). Appellee argues by attaching an unsworn or uncertified copy of the contract in question to an affidavit in which the affiant refers to the contract (among other things) as being true and correct makes the contract a sworn copy and satisfies this rule. We disagree.

Considering the entire record, appellee filed five (5) affidavits, two were by the appellee and two by Barnet B. Skelton, the attorney-agent. Attached to two of the affidavits were copies of the contract which were unsworn and uncertified copies. Nowhere in the record does the original earnest money contract appear. Nowhere is there a sworn or certified copy of the contract. The appellants objected to this summary judgment evidence. The Supreme Court in Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex.Sup.1962) requires an objection to the documentary evidence attached to affidavits on the ground that the instruments were not sworn to or certified in the trial court. The appellants satisfied this rule. Their response to the plaintiff's motion for summary judgment stated their objection explicitly:

"Plaintiff's Motion for Summary Judgment is defective as a matter of law because of Plaintiff's failure to attach to said motion sworn or certified copies of Plaintiff's exhibits as required by Texas Rules of Civil Procedure 166–A(e). Specifically, Plaintiff failed to file sworn or certified copies of Plaintiff's original petition, the purported Earnest Money Contract (Exhibit A), earnest money check (Exhibit B), Cashier's Checks (Exhibit C through M), Vendor's Lien Notes (Exhibits N through X), Deed of Trust (Exhibit Y) and General Warranty Deed (Exhibit Z)."

Both parties cite and rely on the Supreme Court case of Texas Nat. Corp. v. United Systems International, Inc., 493 S.W.2d 738 (Tex.Sup.1973). In order to better understand and interpret the application of that case, we looked to the intermediate appellate court's opinion in which the court stated:

"Plaintiff *attached a copy of the note* and established by summary judgment evidence *in Bradley's affidavit* that Bradley had knowledge of the execution of the note and assumption of liability by defendant Texas National; that the factual allegations of plaintiff's petition and *exhibits including the note are true and correct;* . . . (Emphasis added.)

\* \* \* \* \* \*

We think Bradley's affidavit sufficient to constitute Exhibit 'A', the copy of the note, *a sworn copy;* . . ." (emphasis added.) Texas National Corp. v. United Systems International Inc., 487 S.W.2d 863, Tex.Civ.App.—Waco 1972 reversed (493 S.W.2d 738).

The intermediate court had held that the reference to the copy of the note in the affidavit made it a "sworn copy" thus, satisfying Rule 166–A(e). The Supreme Court disagreed holding that:

"Neither the original nor a sworn copy of the note was attached to a motion or an affidavit in support of the motion as required by Rule 166–A(e). A copy of the note, unsworn and uncertified was attached to the plaintiff's *pleadings,* but exception was taken to this in the defendant's answer. Under the holding of Youngstown Sheet & Tube Co. v. Penn, . . . the plaintiff's affidavit was subject to exception; and the defendant's point should have been sustained." (Emphasis theirs).

The Rule 166–A(e) requires that the motion should be supported by its own summary judgment proof. If the original is not attached, sworn or certified copies of the original papers referred to in the affidavit shall be attached thereto or served therewith. This was not done. It would have been a rather simple matter for the appellee to have followed the basic requirements of the rule. We hold that the appellee has failed to make the necessary summary judgment proof under Rule 166–A(e), T.R.C.P. Appellants' second point of error is sustained.

 Appellee says that appellants' first point of error raises the question as to whether they have sufficiently satisfied their burden in raising a fact issue as to their affirmative defense of fraud. The rule in Texas as to the appellants' burden generally is as follows:

"Where the plaintiff moves for summary judgment in an action in which the defendant has pleaded an affirmative defense, he is entitled to have his summary judgment if he demonstrates by evidence that there is no material factual issue upon the elements of his claim, unless his opponent comes forward with a showing that there is such a disputed fact issue upon the affirmative defense. . . ." Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1959).

See also Hudnall v. Tyler Bank and Trust Company, 458 S.W.2d 183 (Tex.Sup.1970). The mere pleadings of an affirmative defense will not, in itself, defeat a motion for summary judgment by plaintiff whose proof conclusively establishes his right to an instructed verdict if no proof were offered by his adversary in a conventional trial on the merits. Gulf, Colorado & Santa Fe Railway Co. v. McBride, supra. A litigant is, therefore, forced to go beyond the allegations of an affirmative defense and offer the court concrete evidence that raises a fact issue as to that defense. If such affirmative defense has more than

one element, then a fact issue must be raised on each element necessary to such defense. Nichols v. Smith, 507 S.W.2d 518 (Tex.Sup.1974). This is so because if you do not raise such an issue on each element, you do not have a defense. Here, the appellants raised the question of fraud. The essential elements of actionable fraud are based on a false statement of a material fact made to be acted on and actually believed and acted on with the consequential injury to the person acting thereon. Long v. Smith, 466 S.W.2d 32 (Tex.Civ.App.— Corpus Christi, 1971, n. r. e.). We look to the summary judgment evidence for such proof on each of these elements.

Appellant, Douglas Kain, stated in his affidavit:

"Prior to December of 1971 I was contacted by Mr. Virgil Townley, an employee of the H. R. Cullen family of Houston, Texas, and their attorney, Barnet B. Skelton, of Houston, Texas, regarding the possible sale of the land located on Matagorda Peninsula. . . . Virgil Townley visited with me about the possibility of the Cullens purchasing this land and finally made an offer of Three Hundred Fifty ($350.00) Dollars per acre for the land and one-half (½) of the minerals, except those in production. *At that time I told Mr. Townley and also Mr. Skelton that we would not sell the land unless we had the right to negotiate on the minerals. I was told that this was agreeable and could be worked out but that we should go ahead with the Earnest Money Contract. Relying on the statement of Barnet B. Skelton and on Virgil Townley, I discussed the sale of the land to the Cullen family with my brothers and sisters and their children and convinced them that it was a good deal for us and actually had to work pretty hard to convince some of them of this. Nevertheless, I signed the Earnest Money Contract as did my wife and I persuaded George Kain and his wife, Annie Shelby Kain, to sign the contract as well as Margurite Berglund,*

Thomas Kain, Jr. persuaded Inez Kain Swargerty to sign, who was particularly difficult to persuade and also Tom Kain, Jr., and his wife. *Mr. Barnet B. Skelton had represented me prior to this transaction and I of course had every confidence that he would perform his word. . . . Had it not been for the express representation of Virgil Townley and Barnet B. Skelton of the fact that we would retain the right to negotiate the minerals on this land, I would not have signed the Earnest Money Contract. I relied on the word of Virgil Townley and Barnet B. Skelton to this agreement both before and after the signing of the Earnest Money Contract and again, except for the reassurances and expressions of the said Virgil Townley and Barnet B. Skelton, I would not have signed the Earnest Money Contract."* (Emphasis added.)

Such statement, together with the other affidavits and the deposition of attorney Skelton on file, clearly raise several fact issues including specifically the fact issue of fraud as to each and every element of their affirmative defense. The appellants have demonstrated by competent summary judgment evidence that there are disputed factual issues upon their affirmative defense that must be tried before the trier of facts. Appellants' first point of error is also sustained.

Judgment of the trial court is, therefore, reversed and the cause is remanded for a trial on the merits.

Reversed and remanded.

## OPINION ON MOTION FOR REHEARING

Appellee, on motion for rehearing, asserts that this Court had no jurisdiction over appellants, Roger Blanchard, Hugh Patrick Blanchard, Marie Ainsworth Marks and Doris Ainsworth Stephenson, inasmuch as they never filed an appeal bond in this cause nor did they authorize anyone else to do so on their behalf. Appellee contends that this Court had no jurisdiction to reverse and remand the cause

as to these named appellants. We agree with the appellee on this point.

In order to better understand the complex circumstances surrounding the filing of the appeal bond, we will review the various motions and orders of this Court as they occurred. On October 24, 1973, the transcript was duly filed in this Court. Included in said transcript was an appeal bond. The appeal bond was executed on September 25, 1973, and timely filed with the trial court on September 27, 1973. This appeal bond was signed by Tom Kain purportedly for all of the appellants. Appellee, on November 1, 1973, filed a motion to dismiss appeal for lack of jurisdiction asserting that nineteen (19) of the appellants had not personally signed the appeal bond, thus making it defective. In response, the appellants filed their motion for leave to file a new appeal bond.

On November 5, 1973, this Court overruled appellee's motion to dismiss the appeal and granted appellants' motion for leave to amend their appeal bond giving them thirty (30) days in which to file a proper bond. On November 7, 1973, an amended appeal bond was filed, but the following six (6) parties had not signed it: Lawrence Drew Kain, Barbara Rehak, Roger Blanchard, Marie Ainsworth Marks, Doris Ainsworth Stephenson, Hugh Patrick Blanchard. Thereafter, on January 7, 1974, appellee filed a motion to dismiss appeal for lack of jurisdiction as to these appellants, who had not signed the amended bond. In response, those non-executing appellants filed their additional motion for leave to execute an amended appeal bond contending among other things that the parties were scattered throughout the United States and that it was difficult to get all of their personal signatures. Appellee again objected to appellants' motion. Appellee's motion was overruled by written order giving appellants, Roger Blanchard, Doris Ainsworth Stephenson, Barbara Rehak and Lawrence Drew Kain, ten (10) days in which to execute and file a supplemental bond and appellants, Marie Ainsworth Marks and Hugh Patrick Blanchard,

twenty-one (21) days to file a supplemental bond. The order stated that as to each appellant who fails to comply with the aforesaid order within the time specified, the appeal as to each of said appellants was thereby dismissed.

On February 4, 1974, two of the appellants, Lawrence Drew Kain and Barbara Rehak, filed their supplemental appeal bond. Appellants, Roger Blanchard, Marie Ainsworth Marks, Doris Ainsworth Stephenson and Hugh Patrick Blanchard, have never filed a supplemental amended appeal bond. The appeal as to each of the appellants, namely: Roger Blanchard, Marie Ainsworth Marks, Doris Ainsworth Stephenson and Hugh Patrick Blanchard, was dismissed and the same is hereby so ordered. See Owen v. Brown, 447 S.W.2d 883 (Tex.Sup.1969). Therefore, judgment of the trial court as to all other appellants is reversed and the cause is remanded for a trial on the merits as to the sixteen appellants who had properly perfected their appeal. The motion for rehearing is, in all other respects, overruled.

Motion for rehearing is granted in part and overruled in part.