David M. SH␣␣␣␣ Appellant,

Herbert C ␣␣JENCH, Appellee.

No. 19128.

Court of Civil Appeals of Texas, Dallas.

March 24, 1977.

Robert A. McCulloch, Vial, Hamilton, Koch, Tubb, Know & Stradley, Dallas, for appellant.

Russell W. Schell, Thompson, Coe, Cousins & Irons, Dallas, for appellee.

GUITTARD, Chief Justice.

In this suit on a promissory note, summary judgment was rendered for plaintiff. Defendant appeals on the ground that the summary-judgment proof fails to establish that plaintiff is the owner and holder. We hold that the proof is lacking in this respect because, although a purported affidavit in support of the motion states that the original note is attached, the certificate by the notary is in the form of an acknowledgment rather than a jurat reciting that

the affiant swore to the truth of the statements appearing above his signature, and the record does not otherwise show that the original note was produced.

Plaintiff concedes that the purported affidavit is insufficient under *Perkins v. Crittenden,* 462 S.W.2d 565, 567 (Tex.1970), but argues that in the absence of a sworn denial of execution, production of the original note rather than a copy raises a presumption that plaintiff is the owner and holder. In support of this argument, he asserts that the note was produced by attaching it to the motion for summary judgment.

■ We conclude that production of the note has not been established. We recognize that if an original note is attached to a proper identifying affidavit, the affidavit need not state that plaintiff is the owner and holder because these facts are then presumed. *Texas National Corp. v. United Systems International, Inc.,* 493 S.W.2d 738, 741 (Tex.1973). In *Texas National,* the supreme court recommended that the original note be attached to the motion for summary judgment or to an affidavit, but this recommendation was made in the context of concern for the required proof that the plaintiff is the owner and holder. The court did not suggest that an original document may be considered in support of a motion for summary judgment without competent summary-judgment evidence identifying it. The court referred to its previous opinion in *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 234 (Tex. 1963), in which an original document was attached to a pleading and an affidavit stated that the document was executed by the parties and was incorporated by reference. This affidavit was held to be sufficient in the absence of an exception in the trial court. The opinion apparently assumes that in the absence of such an affidavit, the document would not have supported the summary judgment.

■ From these cases we conclude that production of a note establishes that plaintiff is the owner and holder, but that on motion for summary judgment, production must be established by competent summary-judgment proof. In order to qualify as summary-judgment proof, the evidence must comply with Tex.R.Civ.P. 166–A(c), which provides:

> The judgment sought shall be rendered forthwith if the *pleadings, depositions, answers to interrogatories, and admissions* on file, together with the *affidavits,* if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law [emphasis added].

Attachment of the note to the petition or to the motion would not support a summary judgment without an affidavit referring to and identifying it because pleadings are not competent summary-judgment proof in support of the pleader's position. *Hidalgo v. Surety Savings and Loan Ass'n,* 462 S.W.2d 540, 543 (Tex.1971). Therefore, under Rule 166–A(c), a motion for summary judgment must be supported by summary-judgment proof in the form of depositions, answers to interrogatories, admissions, or affidavits. An original document must be identified by one of these means before it is competent summary-judgment proof. Filing the document in the papers of the cause does not suffice.

■ Plaintiff also contends that the identity of the note is established by the deposition of defendant Sherer. In this deposition Sherer identified a copy of the note and admitted that he signed the original. His testimony, however, does not establish production of the original note by plaintiff, and neither does it show that plaintiff is still the owner and holder. Since this essential element of plaintiff's proof is lacking, the summary judgment cannot stand.

Reversed and remanded.