**GAR–DAL, INC., et al., Appellants,**

**v.**

**The LIFE INSURANCE CO. OF VIRGINIA, Appellee.**

**No. 8000.**

Court of Civil Appeals of Texas, Beaumont.

Oct. 20, 1977.

Rehearing Denied Nov. 10, 1977.

Ron Edmondson, David Lair, Dallas, for appellants.

Atwell, Cain & Davenport, B. J. Stephens, Dallas, for appellee.

CLAYTON, Justice.

This is a summary judgment case involving a promissory note and guaranty agreement. The trial court granted summary judgment against the maker and guarantors of the note, and also granted summary judgment in favor of three of the guarantors (R. L. McSpedden, Charles C. Shaver,

and Paul Hamby) against the other two (O. K. Jones and Ted Hunt, Jr.) on an indemnity contract. Gar-Dal, Inc. (maker of the note), Jones, and Hunt have appealed from this judgment; McSpedden, Shaver, and Hamby have not appealed.

Plaintiff filed its first motion for summary judgment with supporting affidavits, and subsequently filed its amended petition, amended motion for summary judgment, and amended affidavit with exhibits. The amended petition alleges that "[a] true and correct copy of said Note is attached to Plaintiff's Original Petition as Exhibit 'A' and incorporated herein by reference." An affidavit in support of plaintiff's amended motion for summary judgment sworn to by plaintiff's Vice President states that plaintiff "has been and is the sole owner and holder of the Note. A true and correct copy of the Note is attached hereto as Exhibit 'A'." The copy of the note was not a "sworn or certified copy" as required by Tex.R.Civ.P. 166-A(e).

Defendants' first two points complain of the granting of the summary judgment because plaintiff failed to present any proof that it is in possession of the original promissory note which is the basis for plaintiff's case, nor does it include a sworn or certified copy of such note attached to a proper affidavit.

Tex.R.Civ.P. 166-A(e) provides that

"Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

Neither the original nor a sworn copy of the note was attached to the amended motion for summary judgment or the affidavit in support of the motion as required by Tex.R.Civ.P. 166-A(e). A copy of the note was attached to the original petition and to the affidavit.

■ The original petition, to which an unsworn copy of the note was attached, could not be considered as summary judgment proof. In *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540, 543 (Tex.1971), the plaintiff moved for summary judgment on the matters sworn to in its petition. The Court held it was error to grant the plaintiff's motion for summary judgment. The reasoning was that matters sworn to in the pleadings are not summary judgment proof. The Court states, "Pleadings simply outline the issues; they are not evidence, even for summary judgment purposes."

The affidavit, to which a copy of the note was attached, does not meet the requirements of Tex.R.Civ.P. 166-A(e). The copy of the note was not sworn to or certified.

The Supreme Court of Texas has pointed out, in cases involving summary judgments on promissory notes, the great desirability of attaching the original note to the affidavit in support of the motion. In discussing a series of opinions on the subject, the Court reaffirmed this principle in *Texas Nat. Corp. v. United Systems Internat'l, Inc.,* 493 S.W.2d 738, 741 (Tex.1973):

"And the opinions in *LaRue,* [367 S.W.2d 162 (Tex.1963)], majority and dissenting, point out the high desirability of attaching the *original* of the note to the motion or affidavit."

■ The reasons for this "high desirability" are rather obvious. The original of the note carries with it evidence of possession and ownership. A copy does not. The reason that accounting for the original note is so important is that the original note is negotiable. Any number of persons may possess photocopies of a note complete with a photocopied signature; however, only the person who is the present owner and holder and who is in possession of the original can be entitled to a judgment thereon.

■ The verified allegations that a plaintiff "is the sole owner and holder" of the note do not suffice. According to Chief Justice Greenhill in *Texas Nat. Corp.,* supra, evidence of possession is required:

"If a sworn or certified copy, rather than the original of the note, is used, the motion or affidavit should clearly evidence that the plaintiff is the present owner and holder and in possession of the note." (493 S.W.2d 741)

Plaintiff's summary judgment proof is totally inadequate because there is not a single word about possession of the original note. The rule is, following the decisions of our Supreme Court, that if a copy of a note, even if sworn to or certified, is used and attached to an affidavit in summary judgment proceedings, then the affidavit or other summary judgment proof must clearly evidence that the plaintiff is not only the owner and holder, but is also in possession of the note. The summary judgment proof of the plaintiff fails to meet this requirement.

Plaintiff strongly urges that since the defendants did not except or object to this defect in the supporting affidavit at or prior to the hearing, then such has been waived. We agree that such a defect can be waived, if not timely and properly brought to the attention of the trial court. The rule is clearly stated in *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230 (Tex.1963). In that case, the summary judgment affidavit did not show affirmatively that it was made on personal knowledge, nor did the affidavit have attached thereto a "verified or certified" copy of the agreement that was the subject matter of the suit. The Court stated:

"If petitioner was in any doubt as to these matters or if it was prejudiced in any way by the fact that sworn or certified copies of the operating agreement were not attached to or served with the Johnson affidavit, it should have excepted to the affidavits at or prior to the hearing. The deficiencies which it now urges appear to be purely formal, and it may be assumed that they would have been corrected upon proper exception in the trial court. We hold that objections of this kind *may not be raised for the first time on appeal* when it fairly appears from the record that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Emphasis added) (363 S.W.2d 234)

See also, *Farmers & Merchants Comp. & W. Co. v. City of Dallas,* 335 S.W.2d 854 (Tex.Civ.App.—Dallas 1960, writ ref'd n.r.e.); *Lobit v. Crouch,* 293 S.W.2d 110 (Tex.Civ.App.—Austin 1956, writ ref'd n.r.e.).

We are of the opinion that the rule is, as stated in *Youngstown,* supra, that the objection may not be raised for the first time on appeal, rather that it must be presented at or prior to the hearing. This is a matter that was and should be cured prior to the final judgment. If the matter is brought to the attention of the trial court before the judgment becomes final, the court retains jurisdiction and control over the final disposition of the case. The defects could be cured before the final judgment is entered, and the problem would not arise. As stated by Chief Justice Greenhill in *Texas Nat. Corp.,* supra:

"The answer pointed out that the plaintiff's motion for summary judgment and the affidavit were insufficient. . . . This answer placed the problems squarely before the trial court, and it should have been heeded." (493 S.W.2d 739)

In that case, the matter was called to the attention of the trial court in the defendants' answer. But the important point is that the matter is called to the attention of the court prior to the entry of or the finality of the judgment.

In our case under review, the matter of the defect in the affidavit was brought to the attention of the trial court prior to the entry of the judgment. This calls for a brief review of the proceedings in the trial court. On January 9, 1976, an interlocutory summary judgment was entered in favor of McSpedden, Shaver, and Hamby against Jones and Hunt on the indemnity agreement. August 20, 1976, an interlocutory summary judgment was entered against all defendants in the main suit. October 21, 1976, a "final" judgment was entered. Defendants (Gar-Dal, Inc., Jones, and Hunt) filed a motion for new trial on November 1, 1976, pointing out specifically the defects in plaintiff's supporting affidavit. An amended motion for new trial was filed November 8, 1976, again specifically pointing out the defect. Plaintiff filed a reply to defendants' motion for new trial on November 17,

1976, and the record shows the parties presented their arguments to the court on the amended motion for new trial. On December 4, 1976, judgment was entered setting aside the summary judgment entered October 21, 1976, and entering a new judgment on the same date. Plaintiff filed a motion for new trial again on December 13, 1976, and the court overruled the same on December 16, 1976. Upon a review of these transactions, it is clear that the defects in the affidavit complained of by defendants were presented to the court prior to the entry of a final judgment. They were timely presented, and the trial court could have permitted the defects to be cured. In view of these proceedings, the matters complained of were raised in the trial court timely, and it cannot be said they were raised for the first time on appeal. We hold the matters relating to the defects in the affidavit were not waived.

The question of waiver as presented on this appeal presumably will not arise in the future. We note that effective January 1, 1978, Tex.R.Civ.P. 166-A(e) now reads:

"Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend."

The plaintiff is not entitled to a judgment on the note since it has neither shown itself to be in possession of the original nor has it properly authenticated the copy relied upon. These deficiencies in proof with respect to the note itself preclude any recovery on the guaranty securing the note; therefore, plaintiff is not entitled to have a summary judgment entered on any aspect of its claim.

Primary liability on the note not being established, then the summary judgment granted in favor of McSpedden, Shaver, and Hamby against Jones and Hunt cannot stand.

Even though defendants McSpedden, Shaver, and Hamby have not appealed from the judgment of the trial court as to them on the main action on the note, we reverse and remand the entire case, including all parties, to the trial court for trial on the merits, under the authority of *Bates v. First National Bank of Waco*, 502 S.W.2d 181, 185 (Tex.Civ.App.—Waco 1973, no writ) and cases cited therein. See also, *Austin Shoe Stores v. Elizabeth Co.*, 538 S.W.2d 677 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.), and *Great Am. Mtg. Inv. v. Republic of Tex. Sav. Ass'n*, 538 S.W.2d 146 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ).

REVERSED and REMANDED.