The LIFE INSURANCE COMPANY OF VIRGINIA, Petitioner,

v.

GAR–DAL, INC., et al., Respondents.

No. B–7236.

Supreme Court of Texas.

July 12, 1978.

Rehearing Denied Oct. 4, 1978.

Atwell, Cain & Davenport, Mark T. Davenport, Dallas, for petitioner.

Lyne, Klein, French & Womble, Erich F. Klein, Jr., and Ron Edmondson, Stephens & Stephens, Bill J. Stephens, Dallas, for respondents.

BARROW, Justice.

The trial court granted plaintiff, The Life Insurance Company of Virginia, a summary judgment for the deficiency owing after foreclosure of a deed of trust which secured a promissory note executed by defendant, Gar-Dal, Inc., and guaranteed by defendants, O. K. Jones, Ted Hunt, Jr., R. L. McSpedden, Charles C. Shaver, and Paul Hamby. The judgment granted the latter three guarantors indemnity from Jones and Hunt under a written indemnity contract. Only Gar-Dal, Inc., Jones and Hunt appealed. The court of civil appeals held that the summary judgment proof was inadequate and reversed the trial court judgment and remanded the entire cause for a new trial. 557 S.W.2d 565. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

Plaintiff's amended motion for summary judgment is supported by the affidavit of Ronald F. McRoberts, vice-president of plaintiff, which was executed on March 2, 1976, just before the motion for summary judgment was filed. After averring that the affidavit was made from his personal knowledge, he swore that Life of Virginia had acquired the note and deed of trust lien on or about December 3, 1974, and "thereafter has been and is the sole owner and holder of the Note," and that true and correct copies of the note and guaranty agreement were attached to his affidavit. Defendant Jones, individually and as president of Gar-Dal, Inc., replied to the motion for summary judgment but did not deny the execution or validity of the note, nor did he except to the form of plaintiff's motion or the supporting affidavit.

The amended motion for summary judgment was heard on August 26, 1976, and a partial summary judgment was granted. A hearing was set on the remaining fact question of reasonable attorney fees. This hearing was held on October 20, 1976, and a final judgment, which incorporated the partial summary judgment, was signed on October 21, 1976. This judgment was vacated

and a new judgment signed on December 3, 1976, in order to make a correction not material to this appeal.

The court of civil appeals held that plaintiff was not entitled to a summary judgment on the note because the photocopy of the note which was attached to the affidavit of McRoberts was not properly authenticated and further, the affidavit did not state that plaintiff was in possession of the original note. Although neither of these alleged defects was pointed out to the trial court before the partial summary judgment was rendered, or even before the judgment of October 21, 1976, was signed, the court of civil appeals held that since these defects were called to ·the attention of the trial court in the motion for new trial filed on November 1, 1976, they had not been waived by defendants.

Rule 166–A(e), Tex.R.Civ.Proc., sets forth the procedure for presenting summary judgment evidence by affidavit and documentary proof. Prior to January 1, 1978, this section provided:[1]

"(e) Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits."

This rule, which has been considered by this Court in several others cases, has resulted in difficulty in resolving the question of what constitutes sufficient documentary summary judgment evidence. *See: Gardner v. Martin*, 162 Tex. 156, 345 S.W.2d 274 (1961); *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230 (Tex.1962); *Boswell v. Handley*, 397 S.W.2d 213 (Tex.1965);

*Southwestern Fire & Casualty Company v. Larue*, 367 S.W.2d 162 (Tex.1963); *Perkins v. Crittenden*, 462 S.W.2d 565 (Tex.1970); *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 (Tex.1971); *Texas Nat. Corp. v. United Systems Internat'l, Inc.*, 493 S.W.2d 738 (Tex.1973). This difficulty has been caused, at least in part, by the reluctance of the parties or counsel to attach the original of valuable instruments to the suit papers. Although we have recognized that attaching the original document would avoid many of the problems encountered in the above cited cases, we have held that Rule 166–A(e), Tex.R.Civ. Proc., does not require that originals be attached. In *Perkins v. Crittenden, supra*, this Court said:

"'[Crittenden] could have discharged [his] burden without producing and introducing the original note, under Rule 166–A(e), by attaching a sworn or certified copy of the note to a *proper affidavit* or by serving such copy with an affidavit. *Gardner v. Martin*, [162 Tex. 156, 345 S.W.2d 274 (1961)].' Other cases in point are *Boswell v. Handley*, 397 S.W.2d 213 (Tex.Sup.1966); and *Mitchell v. Geosonic Corporation*, 431 S.W.2d 958 (Tex.Civ. App.1968, no writ)."

■ In this cause plaintiff attached a properly identified photocopy of the note to the affidavit of McRoberts and McRoberts swore before an authorized person that the photocopy was a true and correct copy of the original note. We hold that the photocopy of the note attached to the affidavit under these circumstances was a "sworn copy" within the meaning of Rule 166–A(e) and that, therefore, it was proper summary judgment evidence.

■ Furthermore, defendants waived their right to complain of the alleged defect in the form of plaintiff's proof by failure to except to the motion for summary judgment or the affidavit accompanying same prior to entry of the judgment. *Youngs-*

**1.** The following sentence was added to this section effective January 1, 1978:

"Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend."

*town Sheet & Tube Co. v. Penn, supra;*
*Roland v. McCullough,* 561 S.W.2d 207,
(Tex.Civ.App.—San Antonio 1977, writ
ref'd n. r. e.). These alleged defects were
matters of form that might easily have
been cured if they had been timely pointed
out in the response to the motion for sum-
mary judgment. Although the trial court
still had jurisdiction on November 1, 1976,
and thus the discretion to set aside the
judgment, it did not abuse its discretion in
refusing to do so. We conclude that the
better rule is that defects of form are
waived if not pointed out to the trial court
before summary judgment is rendered.
*See: Jones v. McSpedden,* 560 S.W.2d 177
(Tex.Civ.App.—Dallas 1977, no writ).

It was also urged by defendants and
found by the court of civil appeals that the
affidavit of McRoberts is inadequate to sup-
port the judgment in that he did not swear
that plaintiff was in *possession* of the note.
In *Texas Nat. Corp. v. United Systems In-
ternat'l, Inc., supra,* we said that if a sworn
or certified copy, rather than the original of
the note is used, "the motion or affidavit
should clearly evidence that the plaintiff is
the present owner and holder and in posses-
sion of the note." That case was reversed
because the factual statements to support
the motion for summary judgment were in
the pleadings and not in a sworn motion or
affidavit filed in support of the motion.
Furthermore, although the original note
was not attached to the motion for summa-
ry judgment filed by United Systems Inter-
national, the affiant did not swear that
plaintiff was the owner and holder of the
note sued upon.

■ Here, McRoberts swore in his affida-
vit that plaintiff "is the sole owner and
holder" of the note. As defined in Tex.Bus.
& Comm.Code Ann. § 1.201(20), " 'Holder'
means a person who is in possession of a
document of title or an instrument or an
investment security drawn, issued or in-
dorsed to him or to his order or to bearer or
in blank." Furthermore, as defined in
Webster's New Collegiate Dictionary, a
"holder" is (1) a person that holds; (2) a
person in possession of and legally entitled

to receive payment of a bill, note or check.
Thus, under either legal or lay terms, the
affidavit of McRoberts, which was predicat-
ed upon sufficient facts to show personal
knowledge, evidences that at the time of
filing the motion for summary judgment
plaintiff was the owner, holder and in pos-
session of the note. This evidence stands
uncontroverted by defendants and properly
supports the summary judgment on the
note.

■ Defendants urge by a cross-point
that the trial court erred in granting the
summary judgment because there are genu-
ine issues of material fact raised as to
whether all offsets and payments have been
credited to the note by plaintiff. Since
payment is an affirmative defense, the bur-
den was upon defendants to come forward
with summary judgment proof sufficient to
raise at least an issue of fact that offsets or
payments had not been credited to the note.
*Nichols v. Smith,* 507 S.W.2d 518 (Tex.
1974); *Seale v. Nichols,* 505 S.W.2d 251
(Tex.1974).

The affidavit of defendant Jones avers
generally that Gar-Dal, Inc. was not given
credit for the value of the leases and reve-
nues from the building which were assigned
to plaintiff along with the lien on the build-
ing. He does not state that any specific
amount was received by plaintiff nor does
he name any person who he claims made a
payment. In response to this general state-
ment, McRoberts swore unequivocally that
no revenues were received from the build-
ing by plaintiff prior to foreclosure of the
lien.

A similar question was considered in
*Smith v. Crockett Production Credit Associ-
ation,* 372 S.W.2d 956 (Tex.Civ.App.—Hous-
ton 1963, writ ref'd n. r. e.) wherein the
defendant swore in response to plaintiff's
motion for a summary judgment on a note
that he had not been given credit for all of
the offsets and payments that had been
made. In rejecting the contention that this
response raised a fact issue, the court said:
"we are of the view that the plea in
appellant Smith's affidavit, there being
nothing more, stating that all offsets and

credits have not been allowed, is but a conclusion. It should have gone further and specified what such credits and offsets were. If this had been a trial on the merits and the only thing stated by appellant was that all offsets and payments had not been credited, the court would have been required to instruct a verdict against appellant. His testimony in such a trial, that all payments and offsets had not been allowed, without more, would be a pure conclusion. *See Franklin Life Ins. Co. v. Rogers,* 316 S.W.2d 116 (CCA), ref., n. r. e."

■ We agree with this holding and conclude that the statement in the opposing affidavit of defendant Jones that all offsets and payments had not been credited to the note is a conclusion and is insufficient to raise an issue of fact that plaintiff failed to credit all offsets and payments to the note.

Defendants assert by a second cross-point that if the judgment is reversed as to Gar-Dal, Inc., Jones and Hunt, and the cause remanded as to them, it should be remanded as to all defendants. This point is immaterial in view of our affirmance of the trial court judgment.

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.