Harold H. CARTER, Appellant,

v.

Robert S. GERALD, Appellee.

No. 12862.

Court of Civil Appeals of Texas, Austin.

Feb. 21, 1979.

Rehearing Denied March 14, 1979.

Keith Woodley, Sudderth, Woodley & Dudley, Comanche, for appellant.

Clyde Cockrum, Gilliam, Cockrum & Duren, Goldthwaite, for appellee.

SHANNON, Justice.

This is an appeal from a summary judgment entered by the district court of Mills County. The judgment ordered specific performance of a contract for the sale of land entered into by appellant Harold Carter, the seller, and appellee Robert S. Gerald, the buyer. The question, tried out by summary judgment and presented upon appeal, is whether the buyer offered to close the contract within a "reasonable time," as a matter of law.

The summary judgment proof is that the parties signed a standard Veterans Land Board contract for sale of 40.71 acres of land located in Mills County on June 25, 1977. The form contract provides, as usual, that the buyer can assign the contract to the Veterans Land Board so that the Board may take title and resell the land to the veteran buyer pursuant to the Texas Veterans Land Act, Tex.Rev.Civ.Stat.Ann. art. 5421m (1962), now Natural Resources Code,

Chap. 161 (1978). If the contract is assigned to the Board, the Board appraises the land and issues a letter of commitment to the buyer and seller disclosing the conditions under which the title will be accepted and the price the Board will pay for the property. In paragraph fourteen of the contract the following provision appears: "In no event shall this contract be terminated by the veteran [buyer] or seller before the expiration of 120 days from the date hereof except by written consent of both parties and written notice to the Veterans Land Board . . ." The contract does not otherwise specify a date for closing the sale.

The summary judgment proof shows further that after the contract of sale was executed, it was mailed to the Veterans Land Board. On August 30, the Board designated a Goldwaithe law firm to close the transaction. The Board wrote counsel on October 20 that the buyer should send $750.00 to the Board. The Board notified the buyer on October 28, 1977, that the purchase had been approved by the Board and that a Treasury Warrant would be forwarded to designated counsel to close the sale. The Treasury Warrant was received by counsel on November 11, 1977. On the same date counsel notified the seller that the transaction was ready to close. The seller refused to close the sale.

■ The motion for summary judgment is defective in two respects. (1) The motion does not specify the grounds therefor. Effective January 1, 1971, Tex.R. Civ.P. 166–A(c) requires that a motion for summary judgment state specific grounds therefor. *Moody v. Temple National Bank,* 545 S.W.2d 289 (Tex.Civ.App.1977, no writ). (2) Although a copy of the contract of sale was attached to the buyer's amended petition, no copy of the contract, certified or otherwise, was attached to the motion for summary judgment. The copy of the contract of sale attached to the buyer's petition is not summary judgment proof, but instead is a part of the pleading. A motion for summary judgment must be supported by its own summary judgment proof. *Hidalgo*

*v. Surety Savings & Loan Ass'n,* 462 S.W.2d 540 (Tex.1971).

■ Nevertheless, the seller waived the buyer's failure to comply with Rule 166–A(c) (failure to state specific grounds in his motion) and also the defect in the summary judgment proof (*Hidalgo*) by not "placing the problem" before the district court in response to the motion for summary judgment. *Westchester Fire Insurance Co. v. Alvarez,* 576 S.W.2d 771 (Tex.1978); *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230 (Tex.1963); *Texas National Corporation v. United Systems International, Inc.,* 493 S.W.2d 738 (Tex.1973). Further, the seller does not complain on appeal of either summary judgment defect.

The seller attacks the judgment by one point of error: "The trial court erred in granting appellee's [buyer's] motion for summary judgment because a material question of fact existed as to whether appellee was ready, willing and able to consummate the purported contract within a reasonable time from June 25, 1977."

An examination of the summary judgment proof and the briefs of the parties discloses that the buyer's theory on summary judgment was that since the contract did not provide a date for closing, the law allowed a "reasonable time" during which the contract could be closed. *Cheek v. Metzer,* 116 Tex. 356, 291 S.W. 860 (1927). The buyer's argument continued that November 11 or thereabout was a reasonable time, as a matter of law, for closing. The court by entering summary judgment obviously accepted the buyer's argument. The seller, on the other hand, claimed in district court, and claims on appeal, that the determination of a "reasonable time" is a question of fact to be resolved by the trier of fact, and accordingly, the order of summary judgment must be reversed.

■ The affirmance of a summary judgment for the plaintiff depends upon whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to any essential element of the plaintiff's cause of action. *Gibbs v.*

*General Motors Corp.,* 450 S.W.2d 827 (Tex. 1970).

■ The contract prohibited either party from terminating before one hundred-twenty days from the date of its execution. The seller, by not complaining on appeal, has waived appellate consideration of any contention that the contract, by its terms, terminated one hundred-twenty days after date of execution, or that either party could terminate the contract at will after the expiration of such period. One hundred-twenty days after June 25 was October 23. There is no summary judgment proof supporting the assertion in seller's brief that he notified the buyer on October 1, 1977 ". . . that he would perform no further if the Appellee [buyer] did not consummate the contract on or before November 1, 1977." The Veterans Land Board sent the Treasury Warrant to the closing attorney on November 10. On November 11 the attorney received the warrant and notified the buyer that the transaction was ready to close.

■ The issue is whether the period between October 23 and November 11 or thereabout constituted a "reasonable time," as a matter of law, for the transaction to be closed. The question of what is a reasonable time for performance of a contract not fixing such a time is one of law where the facts are undisputed. If the facts are disputed, the determination of a reasonable time involves a mixed question of law and fact that must be submitted to the fact finder. *Hart v. Bullion,* 48 Tex. 278 (1877); *McGary v. Campbell,* 245 S.W. 106 (Tex.Civ. App.1922, writ dism'd w. o. j.); *Smith v. Sabine Royalty Corp.,* 556 S.W.2d 365 (Tex. Civ.App.1977, no writ); *Carroll v. Wied,* 572 S.W.2d 93 (Tex.Civ.App.1978, no writ).

The facts in the instant case were admitted. Accordingly, what constituted a reasonable time was a question of law which could be determined on summary judgment.

■ A reasonable time for performance is said to be such time as is necessary and convenient to do what the contract requires to be done, and as soon as circum-

stances permit. *Hamilton v. Shirley-Self Motor Co.*, 202 S.W.2d 952 (Tex.Civ.App. 1947, writ ref'd n. r. e.). We have set out the summary judgment proof showing the delay in closing was occasioned because the assignment of the contract and the financing of the transaction were required to be approved by the Veterans Land Board. Once approval was secured, counsel immediately notified the seller that the contract was ready to close. The buyer offered to close as soon as circumstances permitted. The time involved was reasonable as a matter of law.

The judgment is affirmed.

Affirmed.