**W.R. HUBLER, Sr., Appellant,**

v.

**Joseph OSHMAN, Trustee, Appellee.**

No. 13–85–042–CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 7, 1985.

Andrew J. Lehman, Sorrell & Anderson, Corpus Christi, for appellant.

J. Norman Thomas, Harris, Cook & Browning, Corpus Christi, for appellee.

Before SEERDEN, UTTER and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

This is an appeal from a judgment ordering specific performance of a real estate option agreement, awarding attorney's fees and granting incidental relief. Trial was to the court without a jury.

We affirm the judgment of the trial court.

On January 30, 1981, the parties entered into an option agreement wherein appellant granted appellee the option to purchase approximately three acres of land fronting on Highway 624 in what is known as the Five Points area of Nueces County, Texas. The tract subject to the option agreement is a portion of a ten acre tract owned by appellant. Appellee was interested in acquiring the site as a home of a new banking facility with which he was connected. Appellant planned to develop the remaining seven acres of the ten acre tract.

Appellee exercised the option within the time specified and, while the agreement called for the closing to take place within thirty days of the date of exercising the option, this provision was waived by the parties and they agreed that the closing should take place within a reasonable time.

In order to close the transaction and deliver good and marketable title to the property, it was necessary to re-plat the three acres. To accomplish the re-platting, the city of Corpus Christi required a plan for developing the entire ten acres owned by appellant. The city's requirements included a park dedication, voluntary annexation and a drainage plan. An additional problem arose when an easement was discovered that interfered with a provision in the option contract to build a road over the property which would connect appellant's remaining property with the highway.

George T. Morse, III, an attorney representing appellee, prepared the option agreement and consulted with appellant in attempting to solve the problems raised by the city's requirements and the easement.

The firm of Urban Engineering was hired in January, 1982 to accomplish the re-platting. A major stumbling block was the drainage plan. Various alternatives were presented to appellant to meet the city's requirements. The only method of solving the drainage problem which was acceptable to appellant involved obtaining a voluntary agreement with the owners of adjoining property. Appellant hired Naismith Engineering to pursue the voluntary landowners' agreement. When Naismith was hired Urban was discharged. The evidence is conflicting concerning the reason for discharging Urban. Apparently, appellee believed the entire re-platting was to be taken over by Naismith, while appellant's position was that Naismith's work was to supplement that being done by Urban. While Naismith attempted to obtain the adjoining landowners' consent to the proposed drainage plan, appellee, through

Morse, kept in touch with appellant and Naismith. Naismith acknowledged that nothing could be done with the property until the drainage problem was solved. On January 10, 1983, Naismith's work in attempting to obtain the adjoining landowners' consent to the drainage plan was finally abandoned by appellant. Appellant did not advise appellee of this fact, nor had he ever advised appellee that it appeared the plan was unworkable. On January 18, 1983, appellant wrote appellee a letter which attempted to unilaterally terminate the option contract. The letter also contained the suggestion that should appellee still desire to purchase the property, they could negotiate a new contract.

The parties remained in contact with each other, and on December 20, 1983, a proposal to satisfy the city's requirements was submitted to appellant. At that time appellee was ready, willing and able to close the sale. Appellant failed to execute the proposal submitted on December 20, 1983. This suit resulted.

Appellant presents seventeen points of error for review. Point of error eleven charges error in the awarding of attorney's fees. The other sixteen points of error attack the trial court's action in granting specific performance, claiming that this is not a proper case for such action, that the trial court abused its discretion in granting such relief, that appellee was estopped from obtaining specific performance, that there was no evidence or insufficient evidence to justify each of the disputed findings of fact and conclusions of law and that such findings and conclusions were against the great weight and preponderance of the evidence.

In points of error twelve through seventeen, appellant complains that the trial court's findings of fact were based on no evidence, or, alternatively, insufficient evidence, or that they were against the great weight and preponderance of the evidence. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Com-*

*pany,* 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *Allied Finance Company v. Garza,* 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error,* 38 Tex.L.Rev. 361 (1960). We have examined the record as outlined above and found more than a scintilla of evidence to support each of the contested findings. Therefore, we overrule appellant's "no evidence" points.

██ Furthermore, we overrule appellant's "insufficient evidence" and "against the great weight and preponderance" points. Although the facts in this case are vigorously contested, the trial court, as the finder of fact, had the duty to assess the credibility of the witnesses. The court could accept all, part, or none of the testimony, or make its own deduction from all the evidence. *Hendershot v. Amarillo National Bank,* 476 S.W.2d 919, 920 (Tex.Civ. App.—Amarillo 1972, no writ), *International Security Life Insurance Company v. Sullivan,* 465 S.W.2d 186 (Tex.Civ.App. —Amarillo 1971, writ ref'd n.r.e.). An abuse of discretion does not exist where the court bases its decisions on conflicting evidence. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978). Since there is sufficient evidence of probative force to support the findings, we are bound by them.

In points of error one through six and in point ten, appellant attacks the propriety of the granting of specific performance by the trial court. Appellant challenges the equitable relief as both an abuse of discretion and an error of law, alleging that appellee failed to meet his obligations under the contract. Specifically, appellant alleges that appellee failed to close within a reasonable period and failed to make a valid tender of the purchase price. Appellant further alleges that appellee failed to establish that he had no adequate remedy at law, so specific performance is error.

██ The trial court found that the appellant "failed to make the decisions in reference to re-platting which were uniquely his to make, and in effect, made himself una-

vailable to the purchaser to complete the transaction," and that appellant "prevented the closing of the sale by his inaction, even though Joseph Oshman, Trustee, proceeded with diligence and good faith to enable the sale of the property to be closed within a reasonable period of time and made all responsible and good faith efforts to close the sale within a reasonable amount of time." When a buyer has done all within his power to complete the transaction, and the sale was not completed because the seller made himself unavailable, the buyer is entitled to specific performance. *Odum v. Sims,* 609 S.W.2d 881, 882 (Tex.Civ.App. —San Antonio 1980, no writ).

*Carter v. Gerald,* 577 S.W.2d 797, 799–800 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.), holds that a reasonable period of time is such time as is necessary and convenient to do what the contract requires to be done and as soon as the circumstances permit. Moreover, *Carter* holds that where a third party's approval is required, a reasonable period of time is that time required to obtain the third party's approval. In *Carter,* the Veteran's Land Board needed to approve an assignment of the contract and financing, and in this case, the City of Corpus Christi needed to approve the re-plat. The trial court found that "[u]nder the circumstances, the sale was ready to be closed within a reasonable period of time had appellant taken those actions required of him to complete replatting of the property."

■ In a suit for specific performance, the buyer need only allege he is ready, willing, and able to pay. *Burford v. Pounders,* 145 Tex. 460, 199 S.W.2d 141, 145 (1947). In *Burford,* the buyer never tendered to the seller before the suit arose because the seller had repudiated the contract (in *Burford* by selling to a third party). The Supreme Court of Texas instructed that "[t]he only matter remaining to be done by the trial court is to direct that payment be made into the court by Burford forthwith as tendered in his pleadings; and that upon the making of such payment into court, judgment be entered denying Pound-

ers recovery of the land and awarding Burford judgment for title and writ of possession." *Burford* 199 S.W.2d at 145.

The plaintiff pled, and the trial court found, that appellee "was and is ready, willing, and able to pay the purchase price upon receipt of the copy of the sufficient warranty deed which was to have been submitted by W.R. Hubler, Sr., to Joseph Oshman's counsel ten days before closing."

■ Before appellant sent his letter purporting to cancel, appellee was not obligated to tender because he had not yet received the copy of the warranty deed. Appellant's attempt to cancel in January 1983 and refusal to execute the re-plat proposal in December 1983 showed his repudiation of the contract, so that appellant was relieved of his obligation to tender to appellee. Using *Burford* as a model, appellee paid the balance of the purchase price into the registry of the court, which then issued its judgment.

■ Appellant's complaint that specific performance should not have been granted because appellant failed to show he had not adequate remedy at law is also without validity.

There was no evidence showing the contract itself objectionable in any fashion. It is as much a matter of course for a court to decree specific performance of a contract to sell real estate as it is to give damages for its breach. *Bennett v. Copeland,* 149 Tex. 474, 235 S.W.2d 605, 609 (1951).

We hold that the trial court did not abuse its discretion in ordering specific performance in this case. Points of error one through six and ten are overruled.

The judgment entered by the trial court in this case recites "that Plaintiff's prayer for specific performance be granted." It further orders that fee simple title to the property in dispute be vested in appellee and divested from appellant; that $232,-850.00, the balance of the purchase price, which had been deposited in the registry of the court, be paid to appellant; that appellee be solely responsible for re-platting the subject property; and that certain easements described in the judgment and contemplated by the option agreement be dedi-

cated. In addition, the judgment awards attorney's fees to appellee.

In points of error seven and eight, appellant complains that the trial court's judgment should be set aside because it failed to require performance on the part of appellee of conditions and obligations imposed upon him and it would require long and continuous supervision of the parties by the court.

 Certainly, the court has no power to decree specific performance in any manner except in keeping with the terms of the agreement made by the parties. *Brantly v. Etter*, 662 S.W.2d 752, 757 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.); *Okon v. Levy*, 612 S.W.2d 938, 943 (Tex. Civ.App.—Dallas 1981, writ ref'd n.r.e.). We hold the judgment accomplishes this purpose. While the items specifically pointed out in appellant's brief are not mentioned in the judgment, it is clear from the record that the administrative details, such as prorating taxes and issuing a title policy, will be carried out. In addition, with respect to these items, and those requiring future action, while it would have been better practice to specifically state that the option agreement was incorporated by reference into the judgment, we agree with the statement contained in *Various Opportunities v. Sullivan Investments, Inc.*, 677 S.W.2d 115 (Tex.App.—Dallas 1984, no writ) at 118, that a decree of specific performance serves to incorporate the parties' agreement into the judgment. TEX.R.CIV.P. 308 gives the court the authority to cause its judgment to be carried out, should any problems in these areas arise. Points seven and eight are overruled.

Appellant urges waiver and estoppel in point nine. The court found that Oshman "proceeded with diligence and good faith to enable the sale of the property to close" and that he "was and is ready, willing, and able to pay," while it was Hubler who failed to perform. As stated previously, these findings are supported by the evidence. Therefore appellant's complaints have no basis in the facts. Point of error nine is overruled.

Appellant's eleventh point complains of the award of attorney's fees to appellee because of the pleadings. Appellee dictated an amendment into the record at trial to request attorney's fees. The allowance of trial amendments is within the discretion of the trial court, and TEX.R. CIV.P. 66 directs the court to freely allow trial amendment when the presentation of the merits will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice his defense on the merits. TEX.R.CIV.P. 45 requires that pleadings in a district court be "in writing, signed by the party or his attorney, and be filed with the clerk." It has been held that where an attorney for the plaintiff personally dictated an amendment into the record, he left no doubt as to the party responsible for what was dictated and that he appeared for the plaintiff, so the amendment was proper. *Missouri-Kansas-Texas Railroad Company v. Gage*, 438 S.W.2d 879, 883–884 (Tex. Civ.App.—Ft. Worth 1969, writ ref'd n.r.e.). Although the amendment in that case was later reduced to writing, it is clear that the court felt the dictation was sufficient. There are sufficient pleadings to support the award of attorney's fees. Point eleven is overruled.

The judgment of the trial court is AFFIRMED.