**Joseph OSHMAN, Trustee, Appellant,**

v.

**W.R. HUBLER, Sr., Appellee.**

**No. 13–86–197–CV.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 12, 1987.

Rehearing Denied March 26, 1987.

Norman J. Thomas, Corpus Christi, for appellant.

Andrew Lehrman, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

NYE, Chief Justice.

OPINION

This case is an appeal from the trial court's order releasing funds held in the registry of the court arising out of a suit for specific performance.[1] After the initial judgment of this court became final, the appellee, Hubler, sought to have the money representing the purchase price of the subject land disbursed. The trial court so ordered. We affirm the action of the trial court.

Appellant Oshman originally brought suit against Hubler for specific performance of a real estate contract. After trial the trial court entered judgment that Hubler convey the property to Oshman. The trial court also ordered that the purchase price, which had previously been tendered into the registry of the court by Oshman be paid over to Hubler. Upon entry of the trial court's judgment, Hubler moved that the trial court place the funds into an interest-bearing account during the time which it took the judgment below to become final

---

**1.** In *Hubler v. Oshman,* 700 S.W.2d 694 (Tex. App.—Corpus Christi 1985, no writ), we af-

firmed the judgment of the trial court which awarded specific performance to appellant.

and also during any potential appeal. Ultimately, the matter was appealed unsuccessfully. After the judgment of this Court became final, Hubler sought to have the funds held in the registry of the court disbursed. Oshman objected. The fund included some $21,278.61 in accrued interest. It is the ownership of this accumulated interest in the fund that serves as the focal point of this appeal.

By two points of error Oshman contends that the trial court erred in disbursing the accrued interest to Hubler. It is Oshman's position that he was entitled to the accrued interest and that Hubler was entitled only to the principal.

■ We have only to look to the trial court's final judgment, dated October 26, 1984, to determine this question: when did ownership pass? The trial court's judgment holds in part that:

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that W.R. Hubler, Sr., (appellee), is hereby divested of title to the property the subject of the Real Estate Option Agreement and described on Exhibit "A" attached hereto. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the balance of the purchase price, namely TWO HUNDRED THIRTY-TWO THOUSAND EIGHT HUNDRED FIFTY AND NO/100 DOLLARS ($232,850.00) which has been tendered to the Court by Joseph Oshman, Trustee, (appellant) be paid immediately by the Clerk of the Court to W.R. Hubler, Sr.

The record conclusively establishes that since October 26, 1984, (and thereafter) Oshman was the owner of the real property (the subject matter of the original law suit) by virtue of the trial court's judgment. Therefore, Hubler was the owner of the money which had been deposited in an interest-bearing account in the registry of the court.

In *Sellers v. Harris County*, 483 S.W.2d 242 (Tex.1972), our Supreme Court held that "the interest earned by deposits of money owned by the parties to the law suit

is an increment that accrues to that money and to its owners." We construe this language to mean that the interest on the principal accrued to its owner, who, at the time the money was placed into the interest-bearing account, was Hubler. For the purposes of this case, Hubler became the owner of the fund in the registry of the court at the time of the entry of the trial court's judgment. Oshman's points of error are overruled.

Appellee Hubler originally presented three cross-points of error to this Court. However, subsequent proceedings between the parties have rendered appellee's first two cross-points moot. Therefore, they need not be considered.

■ Appellee Hubler's remaining cross-point alleges that we should assess damages under Tex.R.Civ.P. 438,[2] for a frivolous appeal. While, under the facts of this case it is true that Oshman's position is incorrect, nevertheless, we believe that the appeal was taken in good faith and not merely for the purposes of delay. We overrule Hubler's third cross-point.

The order of the trial court is AFFIRMED.

BENAVIDES, J., not participating.

2. Repealed by order of April 10, 1986, effective  Sept. 1, 1986, currently Tex.R.App.P. 84.