# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00363-CV

**Mark Buethe, Appellant**

**v.**

**Rita O'Brien, Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-06-008044, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee Rita O'Brien sued appellant Mark Buethe in County Court at Law No. 1 of Travis County for injuries she sustained in a car accident. The jury found Buethe negligent and grossly negligent and awarded O'Brien $13,205 in compensatory damages and $240,000 in exemplary damages. After reducing the exemplary damages to $200,000 in compliance with the civil practice and remedies code, *see* Tex. Civ. Prac. & Rem. Code Ann. § 41.008 (West 2008), the trial court rendered judgment for O'Brien on the jury's verdict. In four issues on appeal, Buethe asserts that (1) the trial court lacked subject-matter jurisdiction because O'Brien's pleaded damages were outside the jurisdictional limits of the county court at law, (2) the trial court erred in reopening the evidence, taking judicial notice of a document not before it, and allowing improper jury argument with respect to a document not in evidence, (3) the exemplary damage award is unsupported by the evidence, and (4) the exemplary damage award violates the Due Process Clause of the United States

Constitution. Concluding that the trial court lacked jurisdiction, we will vacate the trial court's judgment and dismiss the cause for lack of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

Because we address only Buethe's jurisdictional issue, we limit our discussion of the facts to those relevant to that issue.

O'Brien was injured when a car driven by Buethe collided with the car in which she was a passenger. O'Brien filed suit against Buethe in Travis County Court at Law No. 1, alleging that his negligence and gross negligence caused her injuries. The maximum jurisdictional limit of a county court at law in Travis County is $250,000. *See* Tex. Gov't Code Ann. § 25.2292(a) (West 2004). With respect to the amount in controversy, O'Brien's first amended petition[1] stated:

> This suit is brought in accordance with the laws of the State of Texas, for the recovery of damages which exceed the minimum jurisdictional limits of the Court, to which Plaintiff is entitled to receive as compensation as described below. Accordingly, the Court has jurisdiction over this matter and venue is proper in Travis County, Texas.

Buethe specially excepted to O'Brien's failure to state the maximum damages she sought. In response, O'Brien filed her Second Amended Petition, stating that "at the time of this pleading, [O'Brien] does not believe that her damages could possibly exceed $5,000,000." Buethe then filed a motion to dismiss, asserting that O'Brien had (1) failed to demonstrate the court's jurisdiction

---

[1] O'Brien filed her original petition in Bexar County, but the case was later transferred to Travis County Court at Law No. 1. Plaintiff's First Amended Petition was the first pleading O'Brien filed in this case in the Travis County court. The original petition filed in Bexar County is not part of the appellate record.

because she failed to plead an amount in controversy that was within the jurisdictional limits of the court, and (2) affirmatively negated the court's jurisdiction by seeking damages in excess of the court's upper jurisdictional limit. The court denied Buethe's motion and proceeded to trial.

At trial, O'Brien presented evidence of compensatory damages substantially greater than the court's $250,000 maximum. The jury found Buethe negligent and grossly negligent, awarding O'Brien $13,205 in compensatory damages and $240,000 in exemplary damages, which the trial court reduced to $200,000 in accordance with section 41.008 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 41.008. As so reduced, the trial court rendered judgment in favor of O'Brien on the jury's verdict. Buethe appealed.

**STANDARD OF REVIEW**

Whether a court has subject-matter jurisdiction is a question of law, which we review de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). The plaintiff bears the burden of alleging jurisdictional facts that, if true, affirmatively demonstrate the trial court's jurisdiction. *See id.* at 226-27. When reviewing a grant or denial of a motion to dismiss for lack of jurisdiction, we consider the plaintiff's pleadings, construed in favor of the plaintiff, and any evidence relevant to jurisdiction without considering the merits of the claim beyond the extent necessary to determine jurisdiction. *Id.*; *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). If the plaintiff's pleadings "affirmatively negate the existence of jurisdiction," then a motion to dismiss for lack of jurisdiction may be granted without affording the plaintiff an opportunity to amend. *Miranda*, 133 S.W.3d at 226-27. If, however, the pleadings do not "demonstrate incurable

3

defects in jurisdiction," but merely fail to allege sufficient facts to affirmatively demonstrate the trial court's jurisdiction, then the plaintiff should have an opportunity to amend. *Id.*

**DISCUSSION**

In his first issue, Buethe asserts that the trial court lacked subject-matter jurisdiction over O'Brien's suit because she pleaded an amount in controversy outside the jurisdictional limits of the court. To fall within the jurisdiction of the county courts at law of Travis County, the parties must have a "matter in controversy [that] exceeds $500 but does not exceed $250,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, as alleged on the face of the petition." Tex. Gov't Code Ann. § 25.2292(a). O'Brien's original pleading alleged that the amount in controversy exceeded the court's minimum jurisdictional amount, but it was silent as to the maximum extent of her damages. Buethe filed special exceptions requesting that O'Brien plead the maximum amount of damages sought. In response, O'Brien filed her second amended petition pleading that she sought no more than $5,000,000.

Buethe's special exceptions objected that O'Brien's first petition was defective and therefore did not establish the court's jurisdiction. Buethe argues that O'Brien's second amended petition, the live petition at trial, either failed to cure the defect or actually alleged an amount in controversy *above* the jurisdictional limits of the county court at law, thus affirmatively negating that court's jurisdiction. O'Brien responds that, at the time she filed her first petition, her damages were within the jurisdictional limits of the court. She argues that any increase in the amount of her damages from filing to trial was due solely to the passage of time and unpredicted changes in her circumstances. She also argues that her second petition's $5,000,000 damage figure included

4

punitive damages. Because the jurisdictional amount-in-controversy requirement is calculated without reference to punitive damages, she contends that her actual claimed damages were within the court's jurisdictional limit.

As a general proposition, a plaintiff bears the burden of alleging jurisdictional facts that, if true, affirmatively demonstrate the trial court's jurisdiction. *See Miranda*, 133 S.W.3d at 226-27. For the Travis County Court at Law to have jurisdiction here, the parties must have an amount in controversy, as alleged by the plaintiff, within the statutory limits. *See* Tex. Gov't Code Ann. § 25.2292(a) (setting upper and lower amount-in-controversy limits); *see also United Servs. Auto. Ass'n v. Brite*, 215 S.W.3d 400, 402-03 (Tex. 2007) ("The jurisdictional statute for county courts at law values the matter in controversy on the amount of damages alleged by the plaintiff…."). Accordingly, to affirmatively demonstrate the trial court's jurisdiction, O'Brien bore the burden of pleading damages that were within the trial court's jurisdictional limits.

In addition to those common-law jurisdictional pleading requirements, rule of civil procedure 47(b) requires an original pleading in a claim for unliquidated damages only to "contain . . . the statement that damages sought are within the jurisdictional limits of the court." Tex. R. Civ. P. 47(b); *see also Brite*, 215 S.W.3d at 402.[2] Failure to include such a statement in an original pleading renders that pleading defective. *Brite*, 215 S.W.3d at 402. O'Brien correctly notes that, even though such a pleading is defective, "[t]he failure of a plaintiff to state a jurisdictional amount in controversy in its petition, without more, . . . will not deprive the trial court of

---

[2] Rule 47 also states that "upon special exception the court shall require the pleader to amend so as to specify the maximum amount claimed."

jurisdiction." *Peek v. Equipment Serv. Co.*, 779 S.W.2d 802, 804 (Tex. 1989). The "*Peek* presumption," however, operates only if (1) the defendant fails to object to the plaintiff's defective pleadings, and (2) the plaintiff's pleadings do not affirmatively demonstrate a lack of jurisdiction. *Id.* If those conditions are met, the court should presume in favor of jurisdiction and allow the plaintiff an opportunity to prove jurisdiction at trial. *Id.* ("Even if the jurisdictional amount is never established by pleading, in fact, a plaintiff may recover if jurisdiction is proved at trial.").

O'Brien's first amended petition—her original pleading in the Travis County court—did not contain the jurisdictional statement required by the common-law pleading rules and rule of civil procedure 47(b). *See Brite*, 215 S.W.3d at 402; *Miranda*, 133 S.W.3d at 226-27. Buethe specially excepted to O'Brien's defective petition, requesting that O'Brien "state the maximum amount of [her] damages." In response to Buethe's special exception, O'Brien amended section IX of her petition by adding the following paragraph:

> On or about December 12, 2008, Defendant's defense attorney filed a document with the Court entitled, "Defendant's Special Exception to Plaintiff's First Amended Petition." The document sought to force Plaintiff to specify the maximum amount that the Plaintiff could be entitled to. In order to satisfy the Defendant's attorney's request, Plaintiff will state that, at the time of this pleading, she does not believe that her damages could possibly exceed $5,000,000.00. Plaintiff, however, reserves the right granted to her under the Texas Rules of Civil Procedure to increase or decrease this amount to conform to [sic] information to the evidence presented at trial, or the verdict of the jury.

Buethe argues that O'Brien's amended petition—pleading maximum damages far in excess of the court's $250,000 jurisdictional limit—affirmatively negated the court's jurisdiction. Under the circumstances presented here, we agree. O'Brien's second amended petition—the first pleading in

6

which she alleges her maximum damages—states that those damages could not exceed $5,000,000. This allegation does not demonstrate that O'Brien's claims are within the jurisdictional limits of the court in which she filed. Read literally, it states a claim outside those limits. Accordingly, O'Brien's amended petition affirmatively negated the trial court's subject-matter jurisdiction because it alleged damages in excess of the trial court's jurisdictional limits.

O'Brien notes that "where jurisdiction is once lawfully and properly acquired, no later fact or event can defeat the court's jurisdiction." *Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex. 1996). While that statement is true as a general matter, here the trial court never "lawfully and properly acquired" jurisdiction because O'Brien's first pleading was defective as filed, and her amended pleading, filed in response to Buethe's special exceptions, sought damages above the court's jurisdiction. O'Brien argues that, even so, the *Peek* presumption applies here. We disagree. The *Peek* presumption applies only in the absence of an objection to the plaintiff's defective pleadings. 779 S.W.2d at 804. Because Buethe specially excepted to the jurisdictional pleading defect, *Peek* does not control here.

O'Brien also argues that her pleaded maximum damages of $5,000,000 included punitive damages. Because punitive damages are not considered in calculating the jurisdictional amount in controversy, *see* Tex. Gov't Code Ann. § 25.2292(a), O'Brien asserts that the $5,000,000 figure should not be construed as having jurisdictional significance. In essence, O'Brien asks us to (1) ignore Buethe's timely objection to her defective pleading, (2) assume that when she amended her pleading in response to Buethe's objection she (inadvertently or mistakenly) failed to address the jurisdictional issue presented by that objection (meaning that her pleading would still be defective),

7

(3) allow the *Peek* presumption to control, and (4) hold that she established jurisdiction by presenting evidence at trial. We decline to do so for several reasons.

First, we are unpersuaded that O'Brien's amended pleading, fairly read, included both compensatory and exemplary damages in alleging $5,000,000 as her maximum damages. The statement appeared in section IX of her amended petition, labeled "Damages." In that section, O'Brien claimed that she suffered injuries as a result of the car accident and requested compensation for past and future pain, impairment, mental anguish, and medical expenses—all compensatory damages. In contrast, section VII of the petition contains O'Brien's allegation of Buethe's gross negligence and her request for exemplary damages in an unspecified amount. Section VII was not amended in response to Buethe's special exceptions. Based on this, the $5,000,000 figure alleged in O'Brien's amended petition cannot reasonably be construed to include exemplary damages.

Second, we cannot ignore that O'Brien amended her petition to state her maximum damages in response to the defendant's objection based on that jurisdictional defect. O'Brien is, in effect, asking us to construe her pleadings liberally in favor of jurisdiction. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000) ("*When a party fails to specially except*, courts should construe the pleadings liberally in favor of the pleader. An opposing party should use special exceptions to identify defects in a pleading so that they may be cured, if possible, by amendment." (Emphasis added.)). Here, however, such liberal construction is not appropriate because Buethe did specially except to the pleading defect, and O'Brien had an opportunity to amend her pleading to correct the defect. While it might seem unlikely that O'Brien intended to plead

8

herself out of court, we cannot ignore Buethe's objection and O'Brien's response. We must take O'Brien's amendment at face value.

Third, to hold as O'Brien suggests would require us to extend the *Peek* presumption beyond its limited boundaries. As noted above, the presumption applies only in the absence of an objection. Accordingly, it does not apply here. We decline to extend it to situations in which a defendant has properly objected to a plaintiff's defective pleading by special exceptions.

O'Brien next argues that, at the time she filed her first petition, her damages were within the jurisdictional limits of the court and that any increase in her damages was due to a change in her circumstances over time. *See Mr. W. Fireworks, Inc. v. Mitchell*, 622 S.W.2d 576, 577 (Tex. 1981) (increase in amount in controversy above court's jurisdictional limits does not affect court's jurisdiction if additional damages accrued due to passage of time). We need not decide if that is the case here, however, because neither of O'Brien's petitions alleged an amount in controversy within the court's jurisdictional limits. The present case, therefore, is not like the typical case where the plaintiff first pleads an amount in controversy within the jurisdictional limits of the court but later, due to the passage of time, claims damages that exceed the jurisdictional limit.[3] *See id*; *see also Flynt v. Garcia*, 587 S.W.2d 109, 110 (Tex. 1979) (per curiam) (when original petition alleged

---

[3] Even if this argument were not foreclosed by Buethe's objections to O'Brien's defective pleadings, the record reveals that O'Brien presented evidence at trial that she had sustained *more* than $250,000 in compensatory damages. While O'Brien claims that her damages were less than $250,000 when she filed her first petition—the key date for the jurisdictional inquiry—and that her damages increased only because of the passage of time, we cannot say that the record affirmatively supports her contention.

9

amount in controversy within court's jurisdictional limits, court had jurisdiction to enter judgment in excess of limits if additional damages accrued due to passage of time).

Finally, O'Brien asserted at oral argument that, just before trial, in open court, she made an oral amendment to her live petition, in order to take a "belt and suspenders approach" to ensure that her pleadings invoked the trial court's jurisdiction. Although the trial transcript reflects that O'Brien's attorney orally moved for leave to amend her pleading and that the court granted that motion over Buethe's objection, O'Brien never filed the proposed amendment. Rule 45 of the Texas Rules of Civil Procedure requires that pleadings be "in writing . . . [and] signed by the party or his attorney." Tex. R. Civ. P. 45. Though some Texas courts have held that it was not an abuse of discretion for a trial court to permit an oral amendment to pleadings where "an attorney for the plaintiff personally dictated an amendment into the record," *see Humbler v. Oshman*, 700 S.W.2d 694, 699 (Tex. App.—Corpus Christi 1985, no pet.), here O'Brien's attorney did not dictate the amendment into the record. Rather, he moved for leave to amend O'Brien's pleading and described the proposed amendment generally in support of his motion for leave. We do not consider this to be a valid trial amendment.

In light of the foregoing, we conclude that O'Brien's pleadings affirmatively negated the trial court's jurisdiction because the pleaded amount in controversy exceeded that over which a Travis County court at law has jurisdiction. *See Miranda*, 133 S.W.3d at 226-27. Even if O'Brien's amended pleading were not considered to have affirmatively negated the court's jurisdiction, that pleading failed to cure the jurisdictional pleading defect to which Buethe had raised

objection. We sustain Buethe's first issue. Having concluded that the trial court lacked jurisdiction, we need not address his other issues. *See* Tex. R. App. P. 47.1.

## CONCLUSION

Having held that O'Brien's amended pleading failed, after objection, to allege facts demonstrating the trial court's jurisdiction and, indeed, affirmatively negated the trial court's jurisdiction, we vacate the trial court's judgment and dismiss the cause.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Vacated and Dismissed

Filed:   June 30, 2010

11